**Arnulfo PIZANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45543.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty. and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of assault with intent to murder without malice. The court assessed punishment at three years.

On the night of the offense, appellant and several other male companions met at the home of his uncle in Harlingen. After drinking a few beers, appellant and his companions went to a hamburger stand in a car driven by Felipe Aguilar. While they were returning to the uncle's residence, a police patrol car operated by Officer Charles Manning of the Harlingen Police Department pursued them because he had observed the driver had failed to stop at a stop sign. The Aguilar car increased its speed and Officer Manning was unable

to stop it. He continued to pursue it at close range and radioed for assistance. The car finally came to a stop at the uncle's residence and the police car parked immediately behind it. As the officer alighted from his car so did the occupants of the Aguilar car. They began to run trying to avoid detention. Officer Manning grabbed the appellant by the shoulders as he came around the car and then the appellant stabbed him in the stomach.

Appellant challenges the sufficiency of the evidence and contends that the trial court erred in allowing the State to impeach its own witness.

The record shows that Margarito Pizano, one of the occupants of the car, was called as a witness for the State. He testified that he was not with his brother, the appellant, at the time of the offense. A sworn statement made by Margarito Pizano on the afternoon of the offense was then introduced, without objection, by the State in which Margarito admitted that he was with his brother and that he saw his brother attack the police officer. Only after the prosecutor had asked several questions after the introduction of the statement did defense counsel object.

Counsel for the defense is right when he argues that the State cannot impeach its own witness unless that witness gives testimony which is injurious to the State's cause. See Crandall v. State, Tex. Cr.App., 340 S.W.2d 36. Yet, it is incumbent upon counsel to enter a timely objection to an attempt by the State to impeach its own witness. In the present case, the prosecutor was not only allowed to introduce the statement without objection, but he propounded twenty-eight questions to the witness before defense counsel entered his objection. The record also reflects that the defense entered this same statement into evidence as Defense Exhibit No. 1.

Assuming that the questioning of the witness from the statement amounted to impeachment, any error committed was waived when counsel failed to enter a timely objection. Appellant's first ground of error is overruled.

In support of his argument that the evidence is insufficient to show that the appellant stabbed Officer Manning, counsel, in his brief, summarizes the testimony of all the witnesses. He there states, "It appears that the only probative evidence was to the effect that appellant was seen at the scene; that prior to the stabbing, appellant had been seen with a knife in his hand; that the officer identified appellant as his attacker but did not see a weapon in appellant's hand; that a knife blade was found near the car that the officer had chased and that in the opinion of a medical doctor who attended the injured officer (by stipulation), such wound received by the officer could have been caused by a knife blade found at the scene." But he argues that this evidence is contradicted by the State's own witness (whom the State sought to impeach) and by the appellant who took the stand in his own behalf. We hold that the evidence is sufficient to support the conviction. The contradicting testimony is only part of the evidence. The jury is authorized to accept or reject any or all testimony of any witness and may look to all the evidence in the case that is offered by the State as well as the defendant in determining the facts and issues. Younger v. State, Tex.Cr.App., 457 S.W.2d 67; Preston v. State, Tex.Cr.App., 457 S.W.2d 279.

No reversible error being shown, the judgment is affirmed.