**Victor Jerome KENDRICK, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0722–CR.**

Court of Appeals of Texas,
Houston.

Feb. 17, 1983.

Catherine Greene and Jay Burnett, Houston, for appellant.

James Brough, Houston, for appellee.

Before JACK SMITH, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Appellant was indicted for murder under Texas Penal Code § 19.02(a). After a contested competency hearing, he was found guilty in a non-jury trial and sentenced to forty-five years confinement in the Texas Department of Corrections.

Appellant's two grounds of error concern only matters arising from the competency hearing. At the hearing, three expert witnesses in psychiatry and clinical psychology greatly differed in their conclusions and recommendations as to appellant's mental condition and competency to stand trial. Appellant's expert witness concluded that appellant was suffering from paranoid schizophrenia and was incompetent to stand trial. He also testified that appellant would be unable to function in a normal court proceeding due to a low mentality, and that extra time would be needed during trial to enable him to fully understand and participate in the trial process. The two expert witnesses for the State concluded that appellant was competent to stand trial, and that he was not suffering from schizophrenia.

Although both of the State's expert witnesses found appellant to be competent, one of them testified that his diagnosis was conditioned upon or qualified by a change in certain external conditions inherent in the trial process.

Appellant's first of two grounds of error directly attacks this "conditional competency" and urges that the jury's finding of competency was based upon its erroneous assumption that the trial process would be changed to meet appellant's needs.

This contention by appellant assumes that there was, in fact, a "conditional" or "qualified" diagnosis of appellant's competency. A review of the competency hearing record reveals that only one of the State's expert witnesses specifically conditioned his opinion upon certain procedural changes in the trial process. Dr. Jerome Brown stated that *if* the judge, the prosecutor and especially appellant's own counsel took extra time with appellant before and during trial to carefully explain things to him, *then* he would consider appellant competent to stand trial.

However, the record shows that the State's second expert, Dr. John David Nottingham, refused to include any such qualifications in his own diagnosis of appellant's competency. Dr. Nottingham acknowledged appellant's low mentality and conceded that a slower-paced trial would help appellant comprehend the process, but he testified that appellant was nonetheless competent to stand trial.

 The jury's finding stated only that it found appellant "presently competent to stand trial." Appellant's argument, i.e., that this was impliedly a finding which assumed the trial process could be changed to meet appellant's mental needs, is not borne out by the record as a whole. No case has been cited, nor has any been found, which addresses the issue of "conditional competency," but under these facts, the issue finds no support in the record and does not need to be addressed. The jury may accept or reject any or all testimony of a witness and may look to all of the evidence presented by the parties. *Pizano v. State*, 489 S.W.2d 284 (Tex.Cr.App.1973). Because the jury had before it the unqualified testimony of Dr. Nottingham that appellant was competent to stand trial, the first ground of error is overruled.

 Appellant's second ground of error attacks the sufficiency of the evidence, alleging failure by the State to rebut evidence of appellant's mental illness. Appellant's expert witness, Dr. Jerome Sherman, testified that he was of the opinion that appellant was suffering from paranoid schizophrenia, and that this, *per se,* rendered appellant incompetent to stand trial. However, both State's expert witnesses testified that they found no evidence of schizophrenia. The evidence is thus sufficient to support the conviction. The second ground of error is overruled.

The judgment is affirmed.