**Ed LUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00031–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted April 27, 1995.

Decided May 11, 1995.

Rehearing Overruled July 25, 1995.

James L. Clark, Naples, for appellant.

Charles C. Bailey, Dist. Atty., Mount Pleasant, for appellee.

## OPINION

CORNELIUS, Chief Justice.

Ed Lum was convicted of involuntary manslaughter in the traffic death of Judy Daniels and was sentenced to ten years in prison. On appeal, he contends that the court erred: in allowing the State to question him about his request for an attorney and allowing argument and comment on his postarrest silence; in not allowing defense counsel to question a witness about whether Lum was negligent; in allowing the State to present evidence about an unadjudicated extraneous offense; and in allowing the State to argue to the jury that it need not follow the court's charge on punishment. He also alleges ineffective assistance of counsel. We affirm the trial court's judgment.

The indictment charged Lum with the murder of Daniels by driving his pickup truck into a pickup Daniels was driving. Witnesses testified that before the collision Daniels and several of her friends were sitting at a table in a motel bar. Lum came to their table and poured beer on Daniels. Lum then scuffled with Charles Wilcox, who had been seated at the table. Others broke up the fight, and as Lum left the bar, he told Daniels and Wilcox, "It's not over yet.... I'll see you later."

Daniels and Wilcox left the bar in a pickup truck. Lum also left in his pickup. Shortly thereafter, witnesses saw the two trucks driving down a two-lane road side by side. At one point, the trucks passed a Jeep, with one pickup occupying the passing lane and the other going into and out of the ditch to the right of the road. The people in the Jeep soon came upon the two trucks again. The pickup carrying Daniels and Wilcox was upside down on the right side of the road, and the truck driven by Lum was stopped at the scene. Wilcox testified that Lum had rammed Daniels' truck six or seven times during the chase and that Lum had gotten around in front and had backed his pickup into Daniels' pickup, causing it to flip. Daniels died of injuries received in the collision.

Lum was indicted for murder and tried by a jury. He was convicted of the lesser included offense of involuntary manslaughter.

Lum in his first point of error asserts that the trial court erred in allowing the prosecutor to question him about his request for an attorney and allowing argument and comment on his postarrest silence.

Department of Public Safety troopers Ira Covington and James Tatum, the first peace officers to arrive, took Lum into custody and gave him a breath test, which showed that Lum was not legally intoxicated. The record does not show whether the troopers read him his rights. Lum did discuss the wreck with Covington for about twenty minutes. Depu-

ties Ricky Poole and Ken Schenley formally arrested *Lum* for murder the next day. Lum requested an attorney, so the officers did not question him. Lum argues on appeal that during the trial the prosecutor questioned him about his postarrest request for an attorney and his postarrest silence and then argued to the jury about purported inconsistencies in his statements.

◼ A defendant's privilege against self-incrimination and his due process rights under the United States Constitution are violated if the State is allowed to impeach the defendant's testimony by using his postarrest, post-*Miranda*[1] silence. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The State does not violate federal due process or the Fifth Amendment rights by permitting cross-examination as to postarrest, pre-*Miranda* silence when a defendant chooses to take the stand. *See Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982). Under the Texas Constitution, when a defendant is arrested, he has the right to remain silent and the right not to have that silence used against him, even for impeachment purposes, regardless of when he is later advised of those rights. TEX.CONST. art. I, § 10; *Sanchez v. State*, 707 S.W.2d 575, 579–80 (Tex.Crim.App.1986) (plurality opinion). A defendant's failure to object to the State's impeachment of his testimony with his postarrest silence waives any error. *Smith v. State*, 721 S.W.2d 844, 855 (Tex.Crim.App.1986).

Lum failed to object at trial, so he preserved no complaint for appeal. Even if Lum had preserved his complaint, however, the record does not support his allegations.

◼ Generally the State may not comment on the defendant's postarrest silence as proof of his culpability, *see Doyle v. Ohio, supra*, and may not link the implausibility of the defendant's exculpatory story told at trial to his ostensibly inconsistent postarrest silence, *see Buitureida v. State*, 684 S.W.2d 133, 142 (Tex.App.—Corpus Christi 1984, pet. ref'd).

◼ Lum testified on direct examination that Covington, Poole and Schenley would not let him tell his side of the story. On cross-examination the prosecutor elicited from Lum an admission that the officers asked him to talk, but he said he wanted an attorney, and the officers then stopped the questioning. The prosecutor mentioned that admission in his jury argument. Those references to Lum's failure to talk to the officers were proper to refute the false impression Lum gave in his testimony. There was no error.

Lum also argues that the court erred in not allowing defense counsel to question a lay witness about whether Lum was negligent.

◼ A lay witness' opinion is not admissible in a criminal case unless it is rationally based on the witness' perception of the facts and is helpful to understand his testimony or to assist the fact finder in determining a fact in issue. TEX.R.CRIM.EVID. 701; *Gross v. State*, 730 S.W.2d 104, 105–06 (Tex.App.—Texarkana 1987, no pet.). Such an opinion is not admissible if it is a legal conclusion or if it amounts to little more than a witness choosing sides on the case outcome. *Mowbray v. State*, 788 S.W.2d 658, 668 (Tex. App.—Corpus Christi 1990, pet. ref'd), *cert. denied*, 498 U.S. 1101, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). A lay witness' opinion expressed in terms of legal definitions and conclusions, such as "negligent," ordinarily should be excluded. Such a conclusory lay witness opinion involving mixed questions of law and fact should be excluded because it is more likely to mislead than to assist the fact finder. 2 STEVEN GOODE, OLIN G. WELLBORN III & M. MICHAEL SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 701.2 at 10 (Texas Practice 1993).

◼ Here Lum tried to admit testimony from Charles Wilcox as to whether Lum behaved negligently. Lum offered the evidence to refute his culpability in connection with the murder charge, which required an intent to kill. Wilcox had filed a civil suit for damages against Lum, accusing Lum of negligence in connection with the wreck. Presumably, Lum's counsel wanted to introduce evidence that Wilcox in his civil suit sought to prove Lum acted negligently, while the

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

State in the criminal trial sought to prove Lum acted with knowledge or intent. The State objected on grounds that whether Lum behaved negligently or intentionally was an improper opinion and that the question invaded the province of the jury because it was a fact determination.[2]

Texas courts disapprove of the "province of the jury" objection, *Hopkins v. State*, 480 S.W.2d 212, 218 (Tex.Crim.App.1972), generally because such an objection is imprecise. *See* Frederick C. Moss, *Beyond the Fringe: Apocryphal Rules of Evidence in Texas*, 43 BAYLOR L.REV. 701, 748 (1991).

The State argues that Lum's question was improper because it asked for an opinion on guilt or innocence. *See Boyde v. State*, 513 S.W.2d 588, 590 (Tex.Crim.App.1974). It also argues that the question was improper because no predicate was laid for Wilcox to give an opinion on the ultimate issue of negligence.

An opinion is not barred merely because it embraces an ultimate issue to be decided by the trier of fact. TEX.R.CRIM.EVID. 704.[3] However that may be,

Opinions that are stated solely in conclusory terms and amount to little more than telling the jury that defendant "breached his contract" or was "negligent" fail to meet the helpfulness standard of Rules 701 and 702.[4] Therefore they are not "otherwise admissible" and cannot be bootstrapped into evidence via Rule 704.

2 STEVEN GOODE, OLIN G. WELLBORN III & M. MICHAEL SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 704.1 (Texas Practice 1993).

Here, Lum's counsel asked Wilcox if Lum had been negligent. Wilcox was not shown to be an expert on negligence or to know the legal definition or standard of negligence. In those circumstances, the answer would have been the legal conclusion of an unqualified witness and would amount to little more than choosing sides. The answer was properly excluded. *Gross v. State, supra; Mowbray v. State, supra.*

■ Moreover, we conclude that the exclusion of Wilcox's opinion was harmless in any event. The jury found Lum guilty only of the lesser included offense of involuntary manslaughter which requires a reckless act. Recklessness is a degree of negligence, so the jury verdict would be consistent with the alleged negligent conduct.

Lum complains of the court's action in allowing the State to present evidence about the unadjudicated extraneous offense of unlawfully carrying a weapon.

The State introduced evidence that Lum had two loaded pistols in his truck cab at the time of the wreck.[5] After the wreck, Lum asked a paramedic who was treating him if it was illegal to have a loaded gun in the truck. The paramedic said he did not know. Lum then asked the paramedic to remove the guns from the truck, but the paramedic refused. The paramedic told DPS trooper

2. The State's objection read in part:

Your Honor, the State would object. First, this specific question concerns whether it was intentional, as well as the second question concerns his prior statement about whether it was negligence. Those go to matters that are for the jury to decide and within the [province] of the jury, factual determinations to be made by the jury. It calls for [an] opinion of the witness on both of those questions. The witness is not qualified based on accident reconstruction or any other method to answer that specific question. The State would object to both of those questions, whether it was intentional and whether it was negligent, because it does call for an opinion and as the witness has said, he's given the facts the best he can and that's all he's qualified to do.

3. TEX.R.CRIM.EVID. 704 reads:

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." TEX.R.CRIM.EVID. 704.

4. TEX.R.CRIM.EVID. 702 reads:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

5. TEX. PENAL CODE ANN. § 46.02(a) (Vernon 1994) reads:

A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

James Tatman about the pistols, and he removed them from the cab. He described them as a Colt 35/40 single action revolver and a .22 Magnum pistol. He said he returned them unloaded to the truck's cab. The firearms were admitted into evidence. Lum testified that the pistols were collector's items and that he carried them in his cab to keep them from getting stolen.

■■■ All relevant evidence is admissible unless excluded by law. Tex.R.Crim. Evid. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less than it would be without the evidence. Tex. R.Crim.Evid. 401. A reviewing court will leave questions of relevance largely to the trial court, relying on its own observations and experience, and will not reverse the trial court's decision absent an abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim.App.), *cert. denied*, — U.S. ——, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993). Evidence of other crimes is not admissible to prove the character of the accused or to show that he acted in conformity therewith, but it may be admissible for other purposes, such as proof of motive, intent, knowledge, or absence of mistake or accident. Tex.R.Crim.Evid. 404(b). Whether evidence of other crimes has relevance apart from character conformity is a question for the trial court that is subject to an abuse of discretion standard of review. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990).

■■■ When the court finds such evidence relevant, it still must exclude the evidence if the danger of unfair prejudice substantially outweighs the probative value. Tex.R.Crim.Evid. 403. Once the opponent has objected to the evidence under Rule 404(b), he must further object based on Rule 403 and call on the trial court to balance the probativeness of the evidence against its unfair prejudice. *Montgomery v. State*, 810 S.W.2d at 388–89. When the opponent calls for a balancing test, the presumption favors admission. *McFarland v. State*, 845 S.W.2d 824, 837 (Tex.Crim.App.1992).

The State argues that the extraneous offense evidence is admissible as background evidence to show intent. We construe this to mean the evidence shows either intent, background, or both.[6]

As for intent, the State suggests that the presence of two loaded pistols in the truck cab shows Lum's murderous intent. The State infers that Lum intended to kill Daniels either with his truck or with his guns. At trial the State also argued that Lum's request to the paramedic that he remove the guns demonstrates that Lum wanted to remove the guns surreptitiously and further demonstrates his intent.

■■■ Lum was not charged with illegally carrying the firearms and the indictment does not mention the firearms. Lum did not brandish the firearms.[7]

■■■ We conclude that the trial court's decision to admit evidence about the guns

**6.** The State argues further that Lum waived any error when he failed to object to questions about the pistols put to him on cross-examination. When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objection is deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections. Tex.R.App.P. 52(b); *see Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex.Crim.App.1991). Lum's counsel objected to the evidence outside the jury's presence and the trial court overruled his objection. The complaint was preserved without Lum's renewing his objection.

**7.** Lum on appeal also argues that the admission of the pistols was an improper attack on his credibility because the State introduced the evidence before Lum testified. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in Tex.R.Crim. Evid. 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence. Tex.R.Crim.Evid. 608(b). The State, however, offered the evidence as proof of intent and state of mind and, on appeal, as background, presumably "same transaction contextual evidence."

Moreover, Lum at trial objected to the evidence as an unadjudicated extraneous offense, Tex.R.Crim.Evid. 404(b), not as an improper attack on credibility. He thus waived his complaint because an objection on appeal must comport with the trial objection. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

lies within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d at 391. Lum's possession of the firearms and his attempt to conceal them could have some probative value on the question of his intent and state of mind. The court therefore did not abuse its discretion in admitting the evidence. Lum did not ask the court to perform a Rule 403 balancing test, so he did not preserve the issue of whether the evidence is more probative than prejudicial. TEX. R.APP.P. 52(a); *Montgomery v. State, supra.*

■ Even if the court erred in admitting evidence of the guns to show intent, we must determine if it was harmful error. TEX. R.APP.P. 81(b)(2). In determining whether an error is harmful, the reviewing court must isolate the error and all its effects and ask whether a rational trier of fact might have reached a different result if the error had not been committed. *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989). That the correct result was reached in the case is not proof of harmless error. *Id.* at 587–88. An appellate court is to calculate as much as possible the probable impact of the error on the jury in light of other evidence. *Id.* at 587; *Monroe v. State*, 864 S.W.2d 140, 144 (Tex.App.—Texarkana 1993, pet. ref'd). The error is harmless if overwhelming evidence dissipates the error's effect on the jury function in determining the facts so that it did not contribute to the verdict. *Harris v. State, supra; Monroe v. State, supra.*

■ Here, the State relied primarily on the scientific and eyewitness evidence to show what happened. Moreover, the jurors acquitted Lum of the more serious charge requiring proof of intent to kill. They obviously were not persuaded that the guns demonstrated a murderous intent.

■ Intent is only one of the other purposes listed in Rule 404(b); the list, moreover, is not all inclusive. *Montgomery v. State*, 810 S.W.2d at 388. The court may also admit evidence under Rule 404(b) to show background, formerly called res gestae. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim. App.1993). If the State offers evidence of extraneous unadjudicated offenses to show background, the court first must determine

its relevance under Rule 401. *Id.* at 32. Then the trial court must determine if the evidence is admissible under Rule 404(b). *Id.* at 33. Background evidence takes two forms: "background contextual evidence," which is not admissible as "other purposes" evidence, and "same transaction contextual evidence." *Mayes v. State*, 816 S.W.2d 79, 86–87 (Tex.Crim.App.1991). "Same transaction contextual evidence" is admissible as an exception to the propensity rule when it is necessary to show the context of the offense and where the circumstances of the offense would make little or no sense without bringing in the evidence. *Rogers v. State, supra.* Same transaction contextual evidence is also admissible where several crimes are connected so that they form an indivisible criminal transaction, and full proof by testimony of any one of them cannot be given without showing the others. *Mayes v. State*, 816 S.W.2d at 86–87 n. 4. The trial court's decision that evidence is admissible as same transaction contextual evidence is subject to an abuse of discretion standard of review. *Brown v. State*, 878 S.W.2d 695, 698 (Tex. App.—Fort Worth 1994, pet. granted); *see also Montgomery v. State*, 810 S.W.2d at 391. If the opponent requests a balancing test, the trial court must perform it before admitting the evidence, *Montgomery v. State*, 810 S.W.2d at 388–390, and an incorrect admission is subject to harm analysis, Rule 81(b)(2).

■ We conclude that evidence about the guns in the truck had some relevance to show the context of the offense and that the trial court did not abuse its discretion in admitting the evidence. *See Camacho v. State*, 864 S.W.2d 524 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994); *Nelson v. State*, 864 S.W.2d 496, 498 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994).

Lum also complains because the court allowed the State's counsel to argue to the jury that it need not follow the court's charge on punishment.

■ The jury charge at the punishment stage told the jurors that if they assessed

probation they could require Lum as a condition of probation to remain under custodial supervision in a community-based facility. TEX.CODE CRIM.PROC.ANN. art. 42.13, § 1(b)(2) (Vernon Supp.1995). The State during its argument told the jurors that Titus County had no community corrections facility, and so that portion of the charge was irrelevant and they could set Lum's punishment at only two to ten years in prison and a possible fine or a probated sentence.

Generally, any error because of improper jury argument is waived by failure to make a proper and timely objection. TEX.R.APP.P. 52(a); *Briddle v. State*, 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.E.2d 573 (1988). Here, Lum did not object, so nothing is preserved for review.

Moreover, the jury did not assess probation, but gave the maximum punishment allowable for the offense for which Lum was convicted, so any error would be harmless.

Lum also contends that he was denied the effective assistance of counsel. Specifically, Lum argues that his counsel rendered ineffective assistance: (a) by failing to object to the State's cross-examination about his postarrest silence; (b) by failing to object to the State's jury argument linking the implausibility of Lum's exculpatory story to his seemingly inconsistent postarrest silence; (c) by failing to request a limiting instruction as to the evidence about the guns; and (d) by failing to object to the argument about ignoring the court's charge about the community corrections facility.

■■■■ To obtain a reversal because of ineffective assistance of counsel during the guilt-innocence phase, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The effectiveness of counsel is gauged by the totality of the representation. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980); *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex. Crim.App.1987). An isolated failure to object to certain procedural errors or improper evidence does not constitute ineffective assistance. Neither is counsel ineffective merely because he may have erred during trial and other counsel might have tried the case differently. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984).

During the punishment phase of noncapital trials, a reviewing court, rather than using the *Strickland* standard, uses the *Duffy* standard. *Ex parte Walker*, 777 S.W.2d 427, 430–31 (Tex.Crim.App.1989). Under this standard, the reviewing court judges the counsel's effectiveness by a single standard of reasonably effective assistance of counsel. *Ex parte Cruz*, 739 S.W.2d at 57–58. This standard also requires a showing of harm due to the ineffective assistance. *Stone v. State*, 751 S.W.2d 579, 582 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

■■■■ Counsel's failure to object during cross-examination and during jury argument about comments on Lum's postarrest silence did not constitute deficient performance. We have held that the questions and argument were not improper under the circumstances. As discussed above, Lum testified on direct that the peace officers on his arrest prevented him from telling his side of the story. The State introduced testimony that Lum was silent not because the officers prevented him from speaking but because he had exercised his right to silence. Moreover, the appellate record does not support Lum's assertion that the State during jury argument linked Lum's seemingly inconsistent silence to the implausibility of Lum's exculpatory story. TEX.R.APP.P. 74(d). Although the State during argument did mention Lum's inconsistent statements about his postarrest silence, the State did not link his seemingly inconsistent silence to the implausibility of his exculpatory story.

■■■■ Although defense counsel should have requested a limiting instruction as to the permissible use of the pistols admitted into evidence, this single error does not amount to ineffective assistance. A reviewing court gauges the trial counsel's performance by the totality of the representation. *Ex parte Duffy, supra*. Here, counsel's effectiveness during guilt-innocence is borne out by Lum's acquittal on the murder charge.

█ Assuming that the prosecutor erred in advising the jury that they need not consider the charge on community facilities, defense counsel's failure to object to the argument does not rise to the level of ineffective assistance under the *Duffy* standard. The section of the charge containing the instructions about custodial supervision in a community-based facility dealt with restrictions the jurors could place on Lum's probation. The jurors did not assess probation, so the probationary conditions were irrelevant. *Stone v. State, supra.*

For the reasons stated, the judgment of the trial court is affirmed.