Huong Van Cai v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-029-CR

     HOANG VAN CAI,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law
 Coryell County, Texas
Trial Court # 44194
                                                                    
                                                                                                                
                                            
O P I N I O N
                                                                                                                
     A jury convicted Appellant Hoang Van Cai


 of driving while intoxicated. See Tex. Pen.
Code Ann. § 49.09(a) (Vernon 1998). Punishment was assessed by the trial court at 90 days
confinement in the Coryell County Jail, with credit for time served. 
      Van Cai presents one issue on appeal in which he claims that the trial court erred when it
allowed the testimony of the State’s only witnesses, because the State failed to prove the validity
of the underlying scientific theories of the witnesses’ specialized knowledge regarding field
sobriety tests. We affirm the judgment.
FACTUAL BACKGROUND
      At 1:52 a.m. on July 22, 1997, Officer Jeffery Stoddard of the Copperas Cove Police
Department observed Van Cai speed through a stop sign at the intersection of Georgetown and
Highway Avenue in Copperas Cove. Officer Stoddard stopped Van Cai and, based upon his
observations, suspected that Van Cai might be intoxicated. Officer Stoddard radioed for back-up
police officers. Officers Charles Cline and Christopher Palmer responded to the back-up call and
arrived shortly. 
      Officer Cline administered several field sobriety tests to Van Cai. These tests included the
finger-to-nose, the one-leg stand, and the walk-and-turn.


 Based upon Van Cai’s performance of
the tests, Officer Stoddard arrested Van Cai for driving while intoxicated and took Van Cai to the
Copperas Cove Police Department where he was subsequently interviewed on videotape.
      Before trial, Van Cai filed a motion in limine requesting that the trial court conduct a hearing
outside the presence of the jury to determine whether the underlying scientific theories of the
officers’ testimony regarding their specialized knowledge of field sobriety tests were valid. At the
hearing, the court determined that the officers’ testimony was admissible. Van Cai then received
a running objection to the testimony on the grounds that the State failed to prove the validity of
the underlying theories of the officers’ testimony.
      During trial, the State presented two witnesses, Officer Stoddard and Officer Palmer.


 Officer
Stoddard testified that although he did not personally administer the field sobriety tests to Van Cai,
he observed Van Cai’s performance. Officer Stoddard testified that when Van Cai was asked to
perform the finger-to-nose test, Van Cai missed his nose on two of his five attempts. Officer
Stoddard also testified that when Van Cai performed the one-leg stand, Van Cai was instructed to
hold one leg six inches above the ground for thirty counts. When Van Cai began the test, he
moved his arms to steady himself and put his foot down at the count of thirteen. Officer Stoddard
further testified Van Cai was asked to perform the walk-and-turn by walking heel-to-toe in a
straight line for nine steps, then turning around and walk nine steps in the same manner. Officer
Stoddard testified that when Van Cai performed the walk-and-turn, Van Cai did not walk heel-to-toe as he was instructed, stepped off the line, and did not take the correct number of steps.
      Based upon the strong odor of an alcoholic beverage on Van Cai’s breath, the fact that he sped
through a stop sign, and his poor performance of the field sobriety tests, Officer Stoddard arrested
Van Cai for driving while intoxicated.EXPERT WITNESS TESTIMONY OR LAY WITNESS TESTIMONY?
      Van Cai’s sole issue on appeal states that the trial court erred because Officer Stoddard’s
testimony concerning Van Cai’s performance of the field sobriety tests required specialized
knowledge and under Kelly v. State, the State, as the proponent of the testimony, was required to
prove the validity of the field sobriety tests’ underlying scientific theories before the trial court
could consider the officer’s testimony reliable and thus admissible. 824 S.W.2d 568, 573 (Tex.
Crim. App. 1992) (en banc). 
      Van Cai contends that the administered field sobriety tests — the finger-to-nose, one-leg stand,
and the walk-and-turn — are based upon scientific theories and require specialized knowledge
when administering and interpreting the results of the tests. A trial court must determine, in a
hearing outside the presence of the jury, whether scientific evidence is reliable and relevant before
the evidence is admitted. See Tex. R. Evid. 702; Hartman v. State, 946 S.W.2d 60, 62 (Tex.
Crim. App. 1997) (en banc); Kelly, 824 S.W.2d at 572-73. Van Cai complains on appeal that
since the trial court did not determine if the underlying theories of the field sobriety tests were
valid scientific theories, the trial court erred when it admitted the officer’s testimony concerning
his specialized knowledge.
      The State claims that the administered field sobriety tests are not scientific tests and that the
officers who administer these tests do not have specialized knowledge with regards to interpreting
the test results. The State claims that these field sobriety tests are coordination and dexterity tests
used by the police officers to help them form opinions as to whether a suspect is intoxicated. 
      We agree with the State. The officer’s testimony regarding the administered field sobriety
tests (not including the HGN) did not concern specialized knowledge. Instead, the officer’s
testimony about Van Cai’s performance of the tests and his opinion whether Van Cai was
intoxicated, was as a lay witness, not an expert witness. As such, this testimony does not need
scrutiny under a Rule 702 and Kelly analysis. 
      A lay witness may testify in the form of an opinion if his testimony is (1) rationally based on
his perceptions and (2) helpful to a clear understanding of his testimony or a fact in issue. Tex.
R. Evid. 701. A lay witness’ opinion is rationally based on his perceptions when the witness
establishes personal knowledge of the events and his opinion is rationally based on that knowledge. 
Fairow v. State, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997) (en banc); Lum v. State, 903
S.W.2d 365, 369 (Tex. App.—Texarkana 1995, pet. ref’d). Van Cai’s performance of the field
sobriety tests provided Officer Stoddard with a rational basis for his opinion concerning Van Cai’s
intoxication. State v. Welton, 774 S.W.2d 341, 343 (Tex. App.—Austin 1989, pet. ref’d) (police
officer allowed to give lay opinion testimony regarding intoxication based upon officer’s
observance of field sobriety tests). Officer Stoddard’s opinion was helpful to a clear understanding
of a fact in issue — whether Van Cai was intoxicated. Thus, Officer Stoddard’s testimony is
admissible under Rule 701.


 
      The trial court’s determination that testimony meets the criteria of Rule 701 is within the trial
court’s discretion. Fairow, 943 S.W.2d at 901. In this case the record supports the trial court’s
decision to admit the lay opinion testimony of Officer Stoddard under Rule 701. The trial court
did not abuse its discretion.
            We affirm the judgment of the trial court.

                                                                               REX D. DAVIS
                                                                               Chief Justice
Before   Chief Justice Davis
            Justice Cummings and
            Justice Vance
Affirmed
Opinion delivered and filed October 14, 1998
Do not publish