11th Court of Appeals
Eastland, Texas
Opinion
 
Carlton J. Stephens
            Appellant
Vs.                  No. 11-03-00256-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted Carlton J. Stephens of the offense of aggravated robbery and assessed his
punishment at 15 years confinement. We affirm.
            On the night of December 8, 2001, Jose Serrano and his friends were outside his home
relaxing and socializing. Appellant, accompanied by two unidentified men, approached them,
pointed a gun at Serrano and said: “[T]his is a robbery.” One of the victims threw a beer can and
hit appellant in the head. Appellant fell to the ground, and the victims managed to hold him down
and subdue him. The two unidentified men ran away. Officer Chris Bascon of the Houston Police
Department arrived; and, after he interviewed the victims separately, he arrested appellant.
            Appellant presents three points of error on appeal. In his first point, he asserts that the trial
court committed reversible error when it sustained the State’s objection to appellant’s question
regarding the possibility of the State’s witness being deported. In appellant’s second and third points
of error, he asserts that the evidence was both legally and factually insufficient to support a
conviction of aggravated robbery because the State’s witnesses lacked credibility.
            First, we will address appellant’s second and third points of error. In order to determine if
the evidence is legally sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State,
17 S.W.3d 664, 667 (Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient,
we must review all of the evidence in a neutral light and determine whether the evidence supporting
guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross
v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404, 407 (Tex.Cr.App.1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex.Cr.App.1996).
            A person commits the offense of robbery if, in the course of committing theft and with intent
to obtain or maintain control of property of another, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2)
(Vernon 2003). A person commits the offense of aggravated robbery if, in the course of committing
robbery, he uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon
2003). 
            The State produced evidence of each element of the offense of aggravated robbery. Serrano
testified that appellant came up to him and his friends, told them that “this is a robbery,” searched
the victims’ wallets for money, and held a gun to Serrano’s head. Serrano thought that appellant was
going to shoot him. Serrano’s testimony was confirmed by the other three victims. At trial, each
of the victims identified appellant as the individual who robbed them. In-court identification by the
victim is sufficient to establish appellant as the person who committed the robbery. Jones v. State,
687 S.W.2d 430, 432 (Tex.App. – Houston [14th Dist.] 1985, no pet’n). Positive in-court
identification of a defendant by victims of a robbery is to be given great weight. Haywood v. State,
507 S.W.2d 756, 758 (Tex.Cr.App.1974). 
            Appellant claims that the testimony of the State’s witnesses lacks credibility and is, therefore,
legally and factually insufficient to support a jury finding of guilt. Generally, the credibility of
witnesses will not be reviewed on appeal. Bowden v. State, 628 S.W.2d 782, 784
(Tex.Cr.App.1982). The fact finder is the sole judge of the credibility of the witnesses and of the
weight to be given their testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon
1979 & 1998); Penagraph v. State, 623 S.W.2d 341, 343 (Tex.Cr.App.1981). One theory of the
facts may be accepted by the jury, while another is rejected. See Pizano v. State, 489 S.W.2d 284,
285 (Tex.Cr.App.1973). There is nothing in the record to suggest that the jury’s decision to accept
the testimony of the victims was irrational. 
            In addition to the testimony of the victims, the State presented the testimony of Officer
Bascon. When Officer Bascon arrived at the scene, he saw that the victims had subdued appellant
and that they were extremely stressed and upset about the incident. Officer Bascon separated the
victims, and they each gave him consistent accounts of what had happened. Officer Bascon also
located a .25 semiautomatic weapon near appellant’s legs.
            It is clear from reviewing the totality of the evidence that a rational trier of fact could have
found that appellant committed aggravated robbery. Appellant’s position was that he had actually
been assaulted by Serrano and his friends in retribution for a prior incident. This contrary evidence
was not so overwhelming such that the verdict was clearly wrong or manifestly unjust. Appellant’s
second and third points of error are overruled.
            In his first point of error, appellant maintains that the trial court committed reversible error
when it sustained an objection by the State. At trial, appellant’s attorney asked Serrano whether he
would have been deported if police had discovered that he had actually attacked appellant. The State
objected on the grounds that the answer would be speculative, and the trial court sustained the
objection. We do not believe that the trial court erred in excluding the testimony.
            A trial court has broad discretion in ruling on the admissibility of evidence. See Salazar v. 
State, 38 S.W.3d 141, 151 (Tex.Cr.App.), cert. den’d, 534 U.S. 855 (2001). As such, the standard
of review for evidentiary decisions by the trial court is abuse of discretion. Weatherred v. State, 15
S.W.3d 540, 542 (Tex.Cr.App.2000); Prystash v. State, 3 S.W.3d 522, 527 (Tex.Cr.App.1999). We
will not disturb the trial court’s ruling as long as it was within the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991).
            We believe that the trial court properly sustained the objection because the question called
for a lay witness to speculate on the possible legal consequences of his actions. The opinion of a lay
witness expressed in terms of legal conclusions should be excluded. Lum v. State, 903 S.W.2d 365,
370 (Tex.App. - Texarkana 1995, pet’n ref’d). The trial court did not abuse its discretion when it
excluded the testimony. Appellant’s first point of error is overruled.
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
September 30, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.