

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00553-CR

STEVEN DEWAYNE KNIGHT                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Steven Dewayne Knight appeals his conviction for felony driving while intoxicated (DWI). We affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## I. Background

On May 8, 2011, Knight was at a restaurant when the owner of the restaurant noticed that Knight appeared to be intoxicated. Knight was alone. Knight began "stumbling" out of the restaurant to get in his car, and the restaurant owner called the police. Officer Frank Carroll responded to the call and quickly located Knight's car. Officer Carroll saw Knight pull into a convenience store and stop at a gasoline pump. Officer Carroll parked his car behind Knight's, and Knight got out of the driver's side of the car and began walking toward Officer Carroll. Knight smelled of alcohol, slurred his words, kept his hand on his car for balance, and began to urinate on himself while talking to Officer Carroll. Knight told Officer Carroll that his driver's license had been suspended, but gave him a state-issued identification card. He also told Officer Carroll he was not driving.

Officer Carroll checked Knight's identification information and determined that Knight had two prior DWI convictions. Knight refused to perform the field sobriety tests. Officer Carroll put Knight in handcuffs and began taking him to the patrol car. At this point, Knight became "belligerent," "vulgar," and "argumentative." For example, Officer Carroll testified that Knight stated "he was going to kick my a[--]" and that "he was going to f[---] my wife." Officer Carroll took Knight to have his blood drawn at a hospital, where it was discovered Knight's blood alcohol concentration was four times the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011).

2

Knight was indicted for felony DWI based on his two prior DWI convictions. *See id.* §§ 49.04(a), 49.09(b)(2) (West Supp. 2012). Specifically, the indictment charged that Knight "did . . . drive and operate a motor vehicle in a public place while . . . intoxicated."

At trial, Knight's defensive theory was that he was not the driver. Indeed, the keys were not in the car when police officers inventoried the car after Knight's arrest, and Knight did not have the keys when he arrived at the jail.[2] The State contended during closing arguments that Knight's assertion that he was not driving was not credible:

> [I]f in fact I was looking at going to prison for a DWI, and I was not driving, I wouldn't have told Officer Carroll that statement one time when he originally made contact with me that I wasn't driving; I would have been saying nothing but, "I was not driving. I was not driving." That's all he would have heard on the way to the Springtown Police Department, that's all he would have heard on the way to the Weatherford Regional Hospital, that's all the other officer would have heard when he came up to assist with the blood draw. That's all the phlebotomist would have heard. "I was not driving." That's all you would have heard from me, if, in fact, that were true and that wasn't a lie.

The jury found Knight guilty.

At punishment, Knight pleaded true to the enhancement paragraphs, which alleged that Knight previously was convicted of DWI and aggravated assault with

_____

[2] This is the only evidence in the record that suggests Knight was not alone in the car. As noted above, Officer Carroll saw Knight get out of the driver's side of his car. Further, Knight was alone before he got in his car.

3

a deadly weapon. The jury assessed Knight's punishment at confinement for life. *See id.* § 12.42(d). This appeal followed.

## II. Admission of Knight's Statement

In his first point, Knight argues that the trial court abused its discretion by admitting his statement regarding Officer Carroll's wife because it was inadmissible character evidence and was overly prejudicial. Before eliciting the disputed testimony from Officer Carroll, Knight objected that such evidence was not relevant and was too prejudicial. *See* Tex. R. Evid. 403, 404(b). The trial court overruled the objection, concluding that the statements were "contemporaneous with the arrest" and "go to the probative value of whether or not his mental faculties are there." We review the trial court's admission of the statement under an abuse-of-discretion standard. *See Lum v. State*, 903 S.W.2d 365, 371 (Tex. App.—Texarkana 1995, pet. ref'd).

The trial court did not abuse its discretion by admitting the statement over Knight's objection under rule 403. Knight's demeanor—including his threatening statements to Officer Carroll, his slurred speech, and his lack of motor control— was directly relevant to the issue of intoxication. *See Jones v. State*, 795 S.W.2d 171, 175 (Tex. Crim. App. 1990); *Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985). Thus, even though Knight's statement about Officer Carroll's wife arguably was prejudicial, such prejudice was not outweighed by its probative value to an issue to be submitted to the fact-finder. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

4

Likewise, the trial court did not abuse its discretion by admitting Knight's statement over Knight's rule 404(b) objection. Knight argues that the only probative value of the statement lies in its support of an inference of character conformity; thus, it is inadmissible under rule 404(b). *See, e.g., Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991) (op. on reh'g).

Indeed, an accused cannot be tried for some collateral crime or for being a criminal generally. *See Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983). To introduce evidence of other crimes, wrongs, or acts, the proponent of the evidence must satisfy the trial court that the other crime, wrong, or act has relevance apart from its tendency to prove character conformity; that it tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact (such as motive, opportunity, or preparation) leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing, for example, absence of mistake or accident. *See Montgomery*, 810 S.W.2d at 387–88; *see also* Tex. R. Evid. 404(b). Evidence of an extraneous offense, wrong, or act that logically serves the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident is relevant beyond its tendency to prove the character of a person to show that he acted in conformity therewith. *See Montgomery*, 810 S.W.2d at 387. Here, as noted by the trial court, the evidence was relevant to show Knight's loss of mental faculties due to intoxication at the time of the traffic stop. Tex. Penal Code Ann. § 49.01(2)(A); s*ee Lopez v. State*, No. 10-11-00115-CR, 2013 WL

5

765711, at *7 (Tex. App.—Waco Feb. 28, 2013, no pet.) (mem. op., not designated for publication); *Saxer v. State*, 115 S.W.3d 765, 778–80 (Tex. App.—Beaumont 2003, pet. ref'd); *Smith v. State*, No. 09-97-00175-CR, 1999 WL 64262, at *2 (Tex. App.—Beaumont Feb. 10, 1999, no pet.) (not designated for publication).  Thus, the evidence was admissible under rule 404(b), and the trial court did not abuse its discretion in its admission.  We overrule point one.

### III.  Ineffective Assistance of Counsel

In his second point, Knight argues that his trial counsel was constitutionally ineffective because he failed to object to the State's closing jury argument, which commented on his post-arrest silence.  To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).  In other words, for a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant.  *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.  *Salinas v. State*,

6

163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813. This statement is true with regard to the deficient-performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Thompson*, 9 S.W.3d at 813. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)).

Here, it is clear that counsel's failure to object fell within the wide range of reasonable representation our standard of review presumes because the State's arguments were in direct response to Knight's defensive theory—that he was not the driver—and were not a comment on Knight's post-arrest silence. *See Hernandez v. State*, 939 S.W.2d 692, 695 (Tex. App.—Fort Worth 1997, pet.

7

ref'd) (holding State's argument, which referred to defendant's failure to explain his theory that someone else committed the crime, was not a comment on defendant's failure to testify); *Mowbray v. State*, 788 S.W.2d 658, 665 (Tex. App.—Corpus Christi 1990, pet. ref'd) (holding State's argument referencing defendant's election not to testify was either a restatement of the charge or answer to defense argument), *cert. denied*, 498 U.S. 1101 (1991).  *See generally Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992) (listing permissible areas of jury argument, including answering opposing counsel's argument), *cert. denied*, 510 U.S. 829 (1993).  Therefore, the record presented on direct appeal does not show deficient performance by counsel, which is fatal to Knight's ineffective-assistance-of-counsel claim.  We overrule point two.

## IV.  Conclusion

Having overruled Knight's two points, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 23, 2012