**MASSMAN CONSTRUCTION COMPANY, Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.**

**No. WD 52854.**

Missouri Court of Appeals,
Western District.

April 1, 1997.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied May 27, 1997.

Application to Transfer Denied
Aug. 19, 1997.

John Koenig, Jr., Sikeston, for appellant.

Stephen Miller, Kansas City, for respondent.

SPINDEN, Judge.

After two jury trials, two appeals and a couple of remands, the courts still have not resolved the Missouri Highway and Transportation Commission's and Massman Construction Company's dispute over the amount of damages due to Massman for a breach of warranty *ex contractu*. The last jury to consider the case awarded $250,000 to Massman, but the circuit court granted Massman's motion to increase the verdict and increased the award to $750,000. The commission contends that the circuit court erred in granting Massman's motion. We remand with instructions that the circuit court offer the commission the choice of accepting the $750,-000 award or a new trial on all issues.

Massman sued the commission for damages arising out of its having to remove a rock revetment from the Missouri River. Pursuant to its contract with the commission, Massman was erecting a bridge over the river on U.S. 40 and 61 near St. Charles and Chesterfield. The revetment, not previously shown on the commission's project plans, interfered with placement of one of the bridge's piers, and the commission told Massman to remove it. In the first trial, the circuit court granted summary judgment to Massman on the issue of liability only and ordered the parties to try the issue of damages only to a jury. The jury awarded Massman $1,922,821.28. The commission appealed, and this court reversed. We ruled that because the commission had evidence that Massman knew that the revetment was at the site before construction—Massman had put it there pursuant to a contract with the U.S. Army Corps of Engineers—the circuit court erroneously granted summary judgment. We concluded that the circuit court should have permitted the jury to hear the commission's evidence. *Massman Construction Company v. Missouri Highway and Transportation Commission*, 835 S.W.2d 465 (Mo.App.1992).

The circuit court held a second trial. That jury, after hearing the additional evidence, returned a verdict of only $250,000 for Massman. Massman filed a "Motion to Increase the Jury Award," asking the circuit court to increase the jury's award to $1,922,821.28, the amount of the jury verdict in the first trial. The circuit court did not increase the jury award but found that the jury's award was inadequate and ordered a new trial. The commission appealed, and the Supreme Court transferred the case to that court. The Supreme Court reversed the circuit court's order granting a new trial and remanded the case so the circuit court could enter a proper response to Massman's motion for additur. The Supreme Court said, "To overrule the motion for additur and at the same time grant a new trial when no new trial was sought was reversible error." *Massman Construction Company v. Missouri Highway and Transportation Commission*, 914 S.W.2d 801, 804 (Mo. banc 1996).

On remand, the circuit court entered an order increasing the jury verdict from $250,-000 to $750,000, but it gave the commission the option of accepting the increased verdict

or having a new trial on the issue of damages only. The circuit court's order said:

> The amount of the jury's verdict of $250,000 in favor of Massman rendered on January 28, 1994 is against the weight of the evidence, is inadequate and less than fair and reasonable compensation for the damages sustained by Massman. In reaching the verdict, the jury has made an honest mistake in fixing the amount of damages. In light of these factors, a new trial is required unless the defendant, the Commission, consents to increasing the judgment.
>
> After considering all the evidence presented at the trial the week of January 24, 1994, it is the opinion of this Court that fair and reasonable compensation for Massman's damages is $750,000. This amount of compensation was proven at trial and is within the amount of damages supported by substantial evidence at trial.
>
> The error by the jury in fixing the amount of damages was not the result of bias and prejudice and does not pertain to any issues regarding liability.

█ In its first point on appeal, the commission contends that Massman's motion to increase the verdict did not allege sufficient grounds. It asserts that Massman's motion did not allege good cause for granting the motion or allege that the verdict was against the weight of the evidence. The assertion is wrong. Although not a model of clarity, Massman's motion alleged that the jury's verdict was against the weight of the evidence. The Supreme Court recognized that Massman's motion and suggestions in support asserted that the verdict was against the weight of the evidence. The commission's contention is without merit.

█ In its next point, the commission alleges that "[t]he trial court's order granting additur and increasing the jury's verdict three-fold to $750,000 fails to relate the amount of the suggested increase to any of the evidence at trial, and that without such a nexus or relation any increase would be by definition unfair and unreasonable[.]" The commission argues, "It's simply not fair to allow a trial judge to convict a jury of an honest mistake and, without announcing the

nature of that mistake, pull a figure out of the air without justification or qualification of it as the only alternative to new trial." It also argued:

> The minimum this court should do is send the matter to the trial court and order him to make a *proper order*, with a *proper* finding of the grounds he is relying on, if at all. If the court still finds additur appropriate then have him state what is the nature of the jury's honest mistake. Further, require him to show how the evidence necessitates an increase and how much. In other words, a nexus between the proffered verdict and the evidence.

The commission cites no cases which hold that before a circuit court can grant a motion for additur it must articulate its reasons for increasing the jury award and how the evidence necessitates an increase and how much. In remanding the case to the circuit court, the Supreme Court did not instruct the circuit court to explain its reasons for granting the increase.

The commission contends that if we do not reverse the trial court's order we are "approving the proposition that § 537.068 establishes an unfettered power in the trial court to tinker with [the commission's] right to a trial by jury[.]" We disagree. The circuit court was not required to articulate its reasons. A circuit court's granting additur is equivalent to granting a new trial on the ground that the verdict is against the weight of the evidence. Missouri courts hold that when a circuit court grants a new trial on the ground that the verdict was against the weight of the evidence it is not required to set forth its reasons for that determination. *Burr v. Singh,* 362 Mo. 692, 243 S.W.2d 295, 300 (1951).

█ The commission asserts in its third point that the circuit court abused its discretion by tripling the jury's verdict. The commission contends, in effect, that anytime a jury's verdict is one-third of what it should be, the verdict demonstrates that the jury was biased and prejudiced. The commission contends that because the circuit court set the increased award at an amount well beyond what would be necessary to correct an

"honest mistake," the circuit court abused its discretion. The commission's argument is fallacious. Missouri courts have long ruled that "mere size of a verdict ... does not in and of itself establish that it was the result of bias or passion and prejudice[.]" *Skadal v. Brown,* 351 S.W.2d 684, 690 (Mo.1961).

■ The commission's final point, on the other hand, has much merit. There it contends that the circuit court abused its discretion in offering it, as an alternative to accepting additur, a new trial on damages only.

While in the appropriate case a new trial on damages only would be proper, this is not the appropriate case. The Supreme Court has described the practice of permitting a new trial on less than all the issues as salutary. *Artstein v. Pallo,* 388 S.W.2d 877, 882 (Mo. banc 1965). The circuit court's limiting retrial to damages only is not salutary in this case. The difference between the first trial, ending in a verdict of $1.9 million for Massman, and the second trial, ending in a $250,-000 verdict for Massman, was evidence that Massman had placed the revetment in the river. The issues of liability and damages are significantly intertwined in this case. Moreover, little in the way of judicial economy will be gained by retrying the case on ·damages alone. The first trial took a week to try, and so did the second one. The overwhelming majority of the evidence concerns damages. Given this record, we conclude that the circuit court erred in limiting the issue on retrial to damages.

For these reasons, we remand with instructions that the circuit court offer the commission the choice of accepting a $750,-000 award to Massman or retrying the case on all issues.

LOWENSTEIN, P.J., and HOWARD, J., concur.