**Samuel Junior CARDENAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00036–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 21, 1998.

Decided Jan. 22, 1998.

Rehearing Overruled Feb. 24, 1998.

Glenn J. Youngblood, Houston, for appellant.

Carmen Castillo Mitchell, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Samuel Cardenas appeals from his conviction on his plea of nolo contendere for the offense of indecency with a child. He contends on appeal that his plea was involuntary because his counsel had informed him that the trial judge could place him on probation, and that he received ineffective assistance of counsel. The trial judge set punishment at the maximum twenty years' imprisonment.

Cardenas contends that he pleaded nolo contendere only because his trial attorney informed him that the trial judge could probate his sentence and because he believed that he could withdraw his plea and go to trial if the judge did not place him on probation. This was the sole contention raised in his motion for new trial, and a hearing on the subject was conducted. The trial judge concluded that his plea was voluntary and overruled his motion.

A plea is not involuntary simply because the punishment exceeds what the defendant expected, even if the expectation is raised by the defendant's attorney. *Galvan v. State*, 525 S.W.2d 24, 26 (Tex.Crim.App. 1975); *Hinkle v. State*, 934 S.W.2d 146, 149 (Tex.App.—San Antonio 1996, pet. ref'd). However, a guilty or nolo contendere plea will not support a conviction where that plea is motivated by significant misinformation conveyed by defense counsel. *Ex parte Kelly*, 676 S.W.2d 132, 134–35 (Tex.Crim. App.1984); *Shepherd v. State*, 673 S.W.2d 263, 266 (Tex.App.—Houston [1st Dist.] 1984, no pet.). A plea of guilty based upon such misinformation is involuntary. *Rivera v. State*, 952 S.W.2d 34 (Tex.App.—San Antonio 1997, no pet.) (citing *Fimberg v. State*, 922 S.W.2d 205, 207 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd)); *Flowers v. State*, 951 S.W.2d 883 (Tex.App.—San Antonio 1997, no pet.). We must therefore determine whether

the record supports the contention that the appellant's plea was, in fact, induced by significant misinformation. *See Russell v. State,* 711 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

In the present case, Cardenas personally and expressly waived in writing the making of a record of the plea.[1] Not only has no reporter's record been prepared from the plea hearing, but none can be prepared. We thus have no record to reveal what occurred at the plea hearing. At the hearing on the motion for new trial, Cardenas stated that he pleaded nolo contendere only because his attorney informed him, and he believed, that the court could probate his sentence and because he believed he could withdraw his plea and go to trial if the court failed to give him probation.

 The State argues that appellant has waived error because he has not brought forward the statement of facts from the guilty plea hearing, citing Rules 50(d) and 53(k) of the Rules of Appellate Procedure. We do not agree that the failure to provide a reporter's record from the guilty plea waives his contention that his plea was involuntary because of error made by his attorney before the hearing. However, there is a presumption of regularity of the judgment and the proceedings, and the burden is on the appellant to overcome this presumption. *Ex parte Wilson,* 716 S.W.2d 953, 956 (Tex.Crim.App. 1986); *Hernandez v. State,* 885 S.W.2d 597, 601 (Tex.App.—El Paso 1994, no pet.). This presumption will prevail unless the appellant makes an affirmative showing to overcome the presumption. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g). In the present case, documents contained within the clerk's record show that the trial court properly admonished the defendant and thus presents a prima facie showing that the nolo contendere plea was knowing and voluntary. The burden then shifts to the

defendant to establish that he did not understand the consequences of his plea. *Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.).

The five-page form document that reflects the waiver of a record, as well as a number of other waivers and statements, reflects his complete understanding of the proceeding and all of the possible results of his actions. He also waived his right to oral admonishments by the court, which does raise the question of just what actually occurred at the plea hearing other than the taking of the plea itself.[2]

The initial question in this case, however, is whether the lack of a record of the plea proceeding impacts his claim that counsel misinformed him about the availability of probation. Cardenas contends that the trial court erred by failing to grant him a new trial based upon his claim of ineffective assistance of counsel. He bases this claim upon three particular instances of claimed error by trial counsel. First, he states that counsel advised him that he would get probation if he entered a plea and asked for a presentence investigation; second, counsel led him to believe that if he did not get probation he could then withdraw his plea and proceed to trial; and third, he did not understand the consequences of his plea.

 The granting or denying of a motion for new trial lies within the discretion of the trial court. We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995); *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex. Crim.App.1993). This particular claim does not require the hearing from the guilty plea, and the State has not suggested that anything occurred at the hearing that would impact his claim-that outside the hearing his

---

1. Tex.R.App. P. 11(a)(1) stated that the duties of a court reporter include "attending all sessions of court and making a full record of the evidence when requested by the judge or any party to a case." *Osborne v. State,* 845 S.W.2d 319, 323 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *see Duran v. State,* 844 S.W.2d 745, 748 n. 4 (Tex.Crim.App.1992).

2. An affidavit filed in the record, signed by the appellant and his attorney and approved by the trial court, may be used as a substitute for a trial judge's personal admonishment as to the range of punishment. *Williams v. State,* 522 S.W.2d 483, 485 (Tex.Crim.App.1975).

counsel misinformed him about the result of his plea in connection with probation, an issue not covered by the written admonishments. This is clearly significant misinformation.

The standard of testing claims of ineffective assistance of counsel was set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim.App.1986). In *Strickland,* the Supreme Court admonished that a claimant must prove that counsel's representation so undermined the "proper functioning of the adversarial process that the trial cannot be relied on having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2064.

As applied to a guilty plea, appellant must prove: (1) that his counsel's representation was not within the range of competence demanded of attorneys in criminal cases and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Morrow,* 952 S.W.2d 530 (Tex.Crim.App.1997).

The review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The burden is on appellant to overcome that presumption by identifying the acts or omissions of counsel that are alleged to have constituted the ineffective assistance and then affirmatively prove that they fall below the professional norm for reasonableness. Then, appellant must prove that counsel's errors, judged by the totality of the representation, denied him a fair trial. Merely showing that they had some conceivable effect on the proceedings is inadequate. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067–68; *McFarland v. State,* 928 S.W.2d 482 (Tex.Crim.App.1996).

In this case, all of the contentions raised by Cardenas revolve around the question of whether his attorney misled him about the availability of probation for the offense and whether he could go to trial if he did not receive a probated sentence from the trial judge.

At the hearing on his motion for new trial, as previously stated, Cardenas testified that counsel informed him that he would get probation if he pleaded nolo contendere and asked for a presentence investigation, and that if the judge did not give him probation he could withdraw his plea and proceed to trial. The State did not shake his testimony on cross-examination. The only evidence offered by the State to rebut his testimony consists of an affidavit by trial counsel that reads as follows:

> My name is Gerald Fry and I am over 18 years of age and competent to make this affidavit. I was the trial attorney for Samuel Cardenas in Cause Number 9415665 and have reviewed the Affidavit in Support of Motion for New Trial. I did not promise or represent to Samuel Cardenas that he would receive probation if he entered a plea of no contest and had the Court perform a pre-sentence investigation.

As the trial judge is the fact finder in a hearing on a motion for new trial, and since proof may be offered by affidavit in such a hearing, the affidavit by counsel is sufficient to permit the trial court to weigh the conflicting evidence and reach a conclusion in favor of the State. Tex.R.App. P. 21.7. Cardenas could not have received probation, and his lawyer's request to the judge for probation supports Cardenas's contention that his lawyer had misinformed him on this matter. However, counsel swore that he did not promise Cardenas that he **would** receive probation but did not address the question of whether he told Cardenas that he **could** receive probation.

Further, this evidence does not stand alone. The record of the sentencing hearing shows that counsel affirmatively asked the trial judge to place Cardenas on probation, despite the fact that the trial judge is statutorily restricted from doing so and that he had filed a motion requesting probation. In a case involving indecency

with a child in which the trial judge sentences the defendant, the trial court **cannot** probate the sentence, regardless of its length. TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 3(a), 3g (Vernon Supp.1998).[3]

Cardenas also asserts that counsel informed him that he could withdraw his plea if he did not receive probation and proceed to a trial. Cardenas so testified at the hearing on motion for new trial. The affidavit quoted above does not in any way rebut this contention. Thus, the State relies on its claim of waiver and upon statements that Cardenas signed before the court in the "non-recorded" plea hearing. The only one of those statements that touches on this situationa guilty plea with no recommendation by the State-reads as follows:

> (5) I represent to the trial court that the State will make the plea bargain agreement or recommendation, if any, set forth in the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession herein, and **I understand the consequences, as set out above,** should the trial court accept or refuse to accept the plea bargain or plea without an agreed recommendation.

(Emphasis added.) The problem is that the form contains no consequences set out above where a defendant makes a plea without an agreed recommendation. The form describes at length the right to withdraw a plea and go to a jury trial when a plea bargain is not kept. However, if there is no plea bargain, then a defendant cannot withdraw his nolo contendere plea and go to trial.

In this case, the trial court was confronted with testimony that counsel actively misled the defendant on this question, no testimony by counsel to the contrary, and a signed waiver stating that the defendant understood the ramifications as "described above" when no ramifications were so described. This highlights the reason that a record of the plea hearing might have assisted our review of the underlying act, because we cannot know without that record whether additional information was provided by counsel to his client during that hearing.

Cardenas also contends generally that he was unaware of the consequences of his plea, but those consequences are the ones discussed above, and we need not revisit them.

■ Before a plea of guilty or plea of nolo contendere may be accepted by the court, it must be freely and voluntarily given by a mentally competent defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). This case is similar in many respects to that reviewed by the Court of Criminal Appeals in *Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App.1991). In that case, the Court held that a defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done voluntarily and knowingly. In *Battle,* the attorney admitted informing his client that he was eligible for probation when he was statutorily ineligible because the crime in that case was sexual in nature. The defendant decided to waive a trial and plead guilty based upon that erroneous information.

■ In the present case, counsel did not admit making such an inaccurate statement to his client, but he did ask for post-conviction probation at the sentencing hearing, when such probation was not available.[4] Further, on the date set for trial, appellant

---

3. In this regard, see the dissenting opinion of Justice O'Connor in reviewing a similar situation in another Houston case where the reporter was waived. In footnote 1 of her dissent she noted: "There is no excuse for the trial attorney to waive the recording of the plea agreement. It does not cost anything for the court reporter to record the proceedings. The only reason a lawyer in a criminal trial might waive the record is to obscure the proceedings for later review." *Dusenberry v. State,* 915 S.W.2d 947, 953 n. 1 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

4. Although TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.1998) now provides that the court may not grant deferred adjudication for this type of offense if the defendant "has previously been placed on community supervision for any offense under Paragraph (A) of this subdivision," the previous version of the statute would have allowed the court to defer adjudication a second time and place him on community supervision. However, counsel filed an application asking for community supervision after the adjudication of guilt, specifically asking for "community supervision if the defendant is found guilty." (emphasis added). The trial court was without authority to grant this. After the finding of guilt, deferred adjudication could not be granted.

waived his right to a jury trial. A jury could have granted probation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 4 (Vernon Supp. 1998). The trial court, however, did not have the authority to place Cardenas on community supervision after finding him guilty of indecency with a child. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(C) (Vernon Supp.1998). Although this is not the direct admission of providing misinformation to the defendant described by *Battle*, it nonetheless reflects a probable misunderstanding of the situation and raises the probability that such incorrect information was provided to the defendant in preparation for either trial or the plea proceeding.

■ Cardenas also complains that the presentencing report includes a reference that in 1992 Cardenas had successfully completed deferred adjudication on a charge that he had engaged in sexual activity with a minor several years earlier. The girl, who was at the time of the contact fifteen years old (and is now twenty-three), provided an affidavit for Cardenas stating that her sexual activity with him was wholly consensual, that the prosecution involving her had been driven by her mother, that she remained friends with Cardenas, and that she found the allegations made in the present prosecution to be in complete conflict with his personality. The fact that a defendant has previously received community supervision with a deferred adjudication of guilt is admissible before the court or jury at the penalty stage of the trial. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5. Counsel is not in error for failing to object to the inclusion of the deferred adjudication of guilt.

■ Cardenas also contends that counsel was ineffective during the punishment phase because he did not object to the inclusion of the results of a polygraph test in the pre-sentence report. The standard of review for a claim of ineffective assistance at the punishment phase is differently formulated than at the guilt/innocence stage of trial.

When the complaint is of ineffective assistance at the punishment stage, the correct standard for review of counsel's representation is, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. *Craig v. State*, 825 S.W.2d 128 (Tex.Crim.App.1992) (citing *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980)). Though *Duffy* looks solely to the reasonableness of representation and does not apply *Strickland's* second prong, a harm analysis is required. *See Lum v. State*, 903 S.W.2d 365, 373 (Tex.App.—Texarkana 1995, pet. ref'd); *Stone v. State*, 751 S.W.2d 579, 582 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *cf. Ex parte Canedo*, 818 S.W.2d 814, 815 n. 3 (Tex.Crim.App.1991); *Ex parte Felton*, 815 S.W.2d 733, 736 (Tex.Crim.App. 1991).

■ Cardenas correctly notes that polygraph evidence, including test results, are inadmissible as evidence and may not be considered by the trial court for any purpose. *Tennard v. State*, 802 S.W.2d 678, 683 (Tex. Crim.App.1990). Even if the State and the defendant agree and stipulate to use the results of a polygraph at trial, the results may not be used. *Nethery v. State*, 692 S.W.2d 686, 700 (Tex.Crim.App.1985); *Fernandez v. State*, 564 S.W.2d 771 (Tex.Crim. App.1978). The results of a polygraph examination are never admissible in court to establish any matter. *Crawford v. State*, 617 S.W.2d 925 (Tex.Crim.App.1980); *Jones v. State*, 680 S.W.2d 499, 502 (Tex.App.—Austin 1983, no pet.).[5]

■ Counsel erred by failing to object to the court's consideration of the polygraph summary. The admission over objection of polygraph results or a summary of results is consistently found, standing alone, to be reversible error. *See Banda v. State*, 727 S.W.2d 679, 681 (Tex.App.—Austin 1987, no pet.). Appellate courts formerly presumed that in a nonjury trial, a judge disregards inadmissible testimony. *Tolbert v. State*, 743

---

5. Although presentence reports are not usually offered formally into evidence, there is authority indicating that since they are presented for the consideration of the trial judge in sentencing, they are treated as evidentiary in nature. *Mont-*

*gomery v. State*, 876 S.W.2d 414, 416 (Tex.App.—Austin 1994, pet. ref'd); *Mayfield v. State*, 757 S.W.2d 871, 875 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

948

S.W.2d 631, 633 (Tex.Crim.App.1988). *Tol-bert* was overruled in *Gipson v. State*, 844 S.W.2d 738, 741 (Tex.Crim.App.1992) and *Glivens v. State*, 918 S.W.2d 30, 33 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Likewise, we no longer presume that a court will not consider improper material in a pre-sentence investigation report. *Thomas v. State*, 923 S.W.2d 611 (Tex.App.—Houston [1st Dist.] 1995, no pet.); *Glivens*, 918 S.W.2d at 33; *see also Spriggs v. Collins*, 993 F.2d 85, 89–90 (5th Cir.1993) (finding trial counsel deficient for failing to object to the inclusion of information about unadjudicated extraneous offenses in a PSI report). Any reference to a polygraph test on a presen-tence report is improper. Counsel erred by failing to object to the court's consideration of this document.

Based upon the facts elicited at the hear-ings on this case and the state of all of the evidence before us, as well as counsel's ap-proval of a waiver of the record from the plea hearing, we conclude that counsel's represen-tation was ineffective both in connection with the plea of nolo contendere and that harm is apparent. Because this is sufficient to re-quire reversal, we do not address the failure of counsel to object to the polygraph test as a part of the basis for this ruling.

We reverse and remand this case for trial.