GUEL V. STATE

NO. 07-00-0200-CR

NO. 07-00-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 5, 2001

______________________________

FRANCISCO INFANTE GUEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 228th DISTRICT COURT OF HARRIS COUNTY;

NOS. 830,240 & 830,241; HONORABLE TED POE, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon pleas of guilty, appellant Francisco Infante Guel was convicted of aggravated sexual assault in two separate causes and punishment was assessed by the trial court at 18 years confinement in each cause.  Although represented by counsel at the hearing, appellant waived his right to have his pleas recorded by a court reporter.  Acting 
pro se
, he timely filed his notices of appeal in each cause.  Although appellant filed general notices of appeal from convictions based on guilty pleas, this Court has jurisdiction to review jurisdictional issues and voluntariness of the pleas.
(footnote: 1)  In presenting these appeals, counsel has filed an Anders
(footnote: 2) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the motion to withdraw is granted and we affirm the judgment of the trial court.

In support of his motion to withdraw, Ralph R. Martinez asserts that in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  Counsel has shown he sent a copy of the brief to appellant, and informed appellant that, in counsel’s view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief.  Appellant did not file a 
pro se
 brief and the State did not favor us with a brief.

Counsel presents one arguable issue on appeal, to-wit:  the involuntariness of appellant’s plea due to ineffective counsel.  According to the admonishments appearing in the clerk’s record, appellant waived his right to have a court reporter record his plea.  Appellant was represented by counsel and initialed this recitation of waiver.  This Court is limited to reviewing the record before it, and there is a presumption that the proceedings were conducted with regularity.  Ex parte George, 913 S.W.2d 523, 526 (Tex.Cr.App. 1995). The record is devoid of any issues of involuntariness and the appellant has failed to overcome the presumption that the prior proceedings were conducted irregularly.  See Cardenas v. State, 960 S.W.2d 941, 944 (Tex.Cr.App.1986), citing Ex parte Wilson, 716 S.W.2d 953, 956 (Tex.Cr.App. 1986), and Hernandez v. State, 885 S.W.2d 597, 601 (Tex.App—El Paso, no pet.).

Even without overcoming the presumption, appellant has failed to meet the test set out by the Supreme Court in determining ineffective assistance of counsel.  
See
 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Hernandez v. State, 726 S.W.2d 53, (Tex.Cr.App. 1986).  Under 
Strickland
, an appellant must establish that (1) counsel’s performance was deficient (
i.e
., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  McFarland v. State, 845 S.W.2d 824, 842-43 (Tex.Cr.App. 1992), 
cert. denied
, 519 U.S. 1119, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).  An allegation of ineffective assistance of counsel will be sustained only if firmly founded in the record.  Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981).  Thus, the record is silent regarding any alleged ineffectiveness of counsel and appellant cannot overcome the presumption that counsel’s conduct fell within a wide range of reasonable professional representation.  No reversible error is presented based on the claim of ineffective assistance of counsel.

We have also made an independent evaluation of the entire record and have determined there are no arguable grounds that might support an appeal.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed. 300 (1988); Stafford v. State 813S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no frivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Curie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel’s motion to withdraw is granted and the judgment of the trial court is affirmed. 

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
1
We are 
aware of Cooper v. State, http://www.cca.courts.state.tx.us/opinions/110099a.htm (Tex.Cr.App. April 4, 2001) (holding that a defendant in a plea-bargained felony case cannot appeal voluntariness of a plea as previously permitted by Flowers v. State, 935 S.W.2d 131, 134 (Tex.Cr.App. 1996).  However,
 because time has not expired for a motion for rehearing in 
Cooper
, and our disposition of this appeal is unaffected, we will not alter this opinion.

2:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967).