NUMBER 13-01-072-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CYNTHIA BELLARD , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the Criminal District Court

of Jefferson County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant pled guilty, without a plea bargain, to a third-degree felony offense of injury to a child. The trial court sentenced
her to six years in prison. Appellant filed a pro se notice of appeal and subsequently counsel was appointed to represent her
on appeal. We affirm the trial court's judgment of conviction. 

Relevant Facts

 Appellant was accused of knowingly and intentionally injuring a small child, the daughter of her then boyfriend, by
holding the child's hands under hot running water until they were scalded, causing second-degree burns. She pled guilty to
the third-degree offense of injury to a child, without a plea bargain. The State recommended ten years in prison and
appellant recommended ten years deferred adjudication probation. The trial court, at the conclusion of the guilty plea, found
that there was enough evidence to find appellant guilty, but deferred any findings until the conclusion of the punishment
hearing before the court which was set for a later date. 

At the punishment hearing, appellant and the child's father, Nigel Sweed, testified on her behalf. During the
cross-examination of Sweed, the following exchange took place:


[Prosecutor]: Mr. Sweed, are you aware that your ex-girlfriend took a lie detector test in this case?



[Witness]: Yes, sir.



[Prosecutor]: Are you also aware that based on the results of that test, she what you would call "failed," that she gave a
different statement admitting to abusing your baby? 



[Witness]: I was not aware.



 [Defense counsel]: Your Honor, I am going to object. We have already pled "guilty" that this was injury to a child. What
we may be arguing about is intent vs. recklessness.



 [The Court]: She pled "guilty" to intentionally. The indictment alleges intentionally or knowingly.



 [Prosecutor]: Are you aware she changed her statement to admitting that she intentionally scalded your baby girl?



 [Witness]: I wasn't aware.



 [Prosecutor]: I pass the witness.

 

 [Defense counsel]: No further questions.





Later in the proceedings, the State called as its sole witness, the detective on the case, Jason Hughes, and the following
colloquy occurred:





 [Prosecutor]: How many statements did you take from her [appellant]?



 [Witness]: Two.



 [Prosecutor]: Could you tell the Court why you took two?



 [Witness]: Well, in the first statement she said some things that made me feel as if she were a suspect. The first statement
I took from her it seemed to me like we were still trying to find out what happened, and we didn't know exactly the
circumstances.

Some things she said in her initial statement - particularly she said in her initial statement that she walked into the
bathroom and observed the child holding her own hands under hot running water, which to me that did not seem believable
to me. I wouldn't hold my own hands under hot running water much less a child of that age.

So at that point, I thought she was not being totally truthful with me. After I took the statement, I asked her if she would be
willing to take a polygraph examination. She agreed. Sergeant Tatum of our agency administered the polygraph
examination. After the examination was over, he told me that she failed the polygraph.

After she failed the polygraph, it was clear to me that she was a suspect. So I mirandized her; and after reading her Miranda
warning, she said that she wanted to talk. We continued to talk, and she confessed to me that she forcibly held the child's
hands underneath the water. And she gave an affidavit saying that. That's why I took the second statement, after she
confessed to the offense.


No objection was lodged to this testimony. After eliciting more testimony from the officer about the second statement, and
the admittance of the second statement, and after due cross-examination by the defense, the State rested.

The trial court, after hearing arguments, none of which mentioned the polygraph examination, assessed punishment at six
years in prison. No motion for new trial was filed.

Waiver of Right to Appeal

In conjunction with her plea, appellant and her counsel signed what was entitled "Defendant's Post Conviction Waivers,"
which state "Comes now the defendant joined by his counsel, and in writing and in open court waives and gives up any
time provided and his right to file a Motion for New Trial, Motion for Arrest of Judgment of Notice of Appeal or Notice of
Appeal." The section included the statement, "I hereby waive any right of appeal that I may have to the judgment of this
court." This "post-conviction waiver," however, is part of a document entitled "Written Plea Admonishments," which was
filed with the court on October 27, 2000. Moreover, a copy of the written plea admonishments, which include appellant's
signed "post-conviction" waiver, was introduced and admitted into evidence at the hearing that day. At the hearing on
October 27th, the trial court expressly deferred any decision on appellant's guilt and did not pronounce guilt until
November 27, 2000. Accordingly, the "post-conviction" waiver must have necessarily been a pre-conviction waiver of the
right to appeal. While pre-conviction waivers of appeal have been affirmed in the context of a plea bargained case, see
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000)(defendant in a noncapital case may waive his right to
appeal as part of a plea bargain in the same manner that he may waive many other legal rights), outside of that context, they
have been expressly condemned. See Ex parte Townsend, 538 S.W.2d 419, 420 (Tex. Crim. App. 1976 )(pre-trial waiver of
right to appeal in guilty plea without a plea bargain agreement held to be not binding on defendant); Ex parte Thomas, 545
S.W.2d 469, 470 (Tex. Crim. App. 1977) (post-conviction but pre-sentence waiver of right to appeal in plea of guilt
without a plea bargain held to be not binding on defendant). We therefore do not consider the waiver of appeal as binding
on the appellant in this case.

Anders Brief

 Appellant's court-appointed counsel has filed a brief in which she concludes that the appeal is without merit. This brief
meets the requirements set forth in Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel referred this Court to
errors in the record that might arguably support the appeal in the areas of ineffective assistance of counsel for failure to
object to the evidence of the polygraph results and the trial court's abuse of discretion in assessment of punishment. 
Counsel also provided, for each arguable point of error, a discussion of the correctness of the trial court's ruling and why
the record could not support the arguments presented. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel certified that she has provided appellant with a copy of the brief and has informed appellant of her right to review
the record and to file a pro se brief. (1) More than thirty days have passed since appellant was so advised, and she has not
filed a pro se brief with this court. 

Ineffective Assistance of Counsel

 We note, in reference to the first of these potential issues, (2) that appellate counsel concedes that the trial counsel's action
in failing to object to the admission of evidence relating to appellant's failure of a polygraph examination fell below an
objective standard of reasonableness based on prevailing norms, which is the first prong of the test for ineffective
assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984). See McFarland v. State, 845 S.W.2d
824, 842 (Tex. Crim. App. 1992); Cardenas v. State, 960 S.W.2d 941, 947 (Tex. App. - Texarkana 1998, pet. ref'd)(failure
to object to evidence of polygraph results was error). Without deciding that question, we agree with counsel that the
evidence does not establish the second prong of the Strickland test requiring that there be a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would be different. See McFarland, 845 S.W.2d at 842. 
The trial judge already knew, owing to the existence of appellant's second statement and her plea of guilty to the court, that
appellant had not been truthful when she gave her first statement to the police in which she denied committing the crime.
As such, we do not find that the added information that she failed a polygraph examination and that such failure was the
catalyst for making a second statement, under the circumstances of this case, caused the result of the proceeding to be
different than it would have been without that information. See Tennard v. State, 802 S.W.2d 678, 684 (Tex. Crim. App.
1990)(admittance of polygraph results made no contribution to the verdict or punishment).

 Conclusion

 In reviewing the record carefully as mandated by Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we agree with appellant's
counsel that the appeal is wholly frivolous and without merit. Accordingly, we affirm the judgment of the trial court and
grant the motion of appellant's counsel to withdraw as attorney of record. Furthermore, we order appellant's attorney to
notify appellant of the disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997). 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 21st day of November, 2001.

1. Counsel has also filed a motion requesting permission to withdraw, in accordance with Anders.Anders, 386 U.S. at 744.

2. There is nothing in the record that merits any discussion of the second of the two potential issues, the claim of abuse of
discretion in the assessment of punishment.