In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00032-CR


______________________________








EX PARTE RODNEY LAMAR FOBBS






 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. R02 1067 HC-1




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Rodney Lamar Fobbs has appealed from an order of the trial court in connection with a
pretrial habeas corpus proceeding. He has informed this Court that he has now entered a plea of
guilty in the underlying prosecution pursuant to a plea agreement and has been sentenced.

 The issue of pretrial habeas is therefore moot. When the subject matter of an appeal becomes
moot, the proper disposition is dismissal of the appeal. See State v. McCaffrey, 76 S.W.3d 392, 393
(Tex. Crim. App. 2002); Criner v. State, 878 S.W.2d 162, 164 (Tex. Crim. App. 1994); State v. Curl,
28 S.W.3d 838, 841 (Tex. App.-Corpus Christi 2000, no pet.). 

 We dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 6, 2003

Date Decided: May 7, 2003


Do Not Publish



nt Freeman appeals his conviction for felony driving while intoxicated. 
Freeman pleaded guilty to the charge and pleaded "true" to having previously and finally been
convicted of two felonies. Freeman did not plead guilty pursuant to a plea bargaining agreement. 
The trial court sentenced Freeman to twenty-five years' confinement in the Institutional Division of
the Texas Department of Criminal Justice. In two points of error, Freeman claims that he received
ineffective assistance of counsel and that his guilty plea was not voluntarily made. 

 Freeman claims he received ineffective assistance based on his counsel's advice that Freeman
could receive community supervision from the trial court. Freeman claims harm is evident because
he rejected the State's offer of a fifteen-year sentence in exchange for the hope of receiving
community supervision. 

 The test for claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In Strickland, the United States Supreme Court
admonished that a claimant must prove counsel's representation so undermined the "proper
functioning of the adversarial process that the trial cannot be relied on as having produced a just
result." 466 U.S. at 686.

 As applied to a guilty plea in which the defendant rejected a plea bargaining agreement with
the hope of receiving a lesser punishment from the trial court, a defendant who claims ineffective
assistance must prove (1) that his counsel's representation fell below the objective standard of
professional norms and (2) that there is a reasonable probability that, but for counsel's errors, the
defendant would have accepted the State's offer of a plea bargaining agreement of a lesser
punishment. The review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Hernandez, 726 S.W.2d at 55. The appellant has the burden to
overcome that presumption by identifying the acts or omissions of counsel that are alleged to have
constituted the ineffective assistance and then affirmatively prove that such acts or omissions fall
below the professional norm for reasonableness. Then the appellant must prove that counsel's errors,
judged by the totality of the representation, resulted in the denial of a fair trial. Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). Merely showing they had some conceivable effect on the
proceedings is inadequate. Strickland, 466 U.S. at 693; McFarland v. State, 928 S.W.2d 482 (Tex.
Crim. App. 1996).

 In this case, Freeman's allegations revolve around the question of whether his attorney misled
him about the availability of community supervision for a third-degree felony when the punishment
range was enhanced by Freeman's two prior convictions. Article 42.12, Section 3 of the Texas Code
of Criminal Procedure provides

 (a) A judge, in the best interest of justice, the public, and the defendant, after
conviction or a plea of guilty or nolo contendere, may suspend the imposition of the
sentence and place the defendant on community supervision or impose a fine
applicable to the offense and place the defendant on community supervision.


 . . . .


 (e) A defendant is not eligible for community supervision under this section
if the defendant: 


 (1) is sentenced to a term of imprisonment that exceeds 10 years; or 


 (2) is sentenced to serve a term of confinement under Section 12.35, Penal
Code.


Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (Vernon Supp. 2003). 

 Freeman cites our decision in Cardenas v. State, 960 S.W.2d 941 (Tex. App.-Texarkana
1998, pet. ref'd), in support of his claim of ineffective assistance. The State contends Cardenas is
factually distinguishable. In Cardenas, the defendant was convicted of indecency with a child. Id.
at 943. Cardenas contended his guilty plea was involuntary because his trial counsel told him he was
eligible for judge-ordered community supervision. Id. We reviewed Article 42.12, Section 3(g) of
the Texas Code of Criminal Procedure and found the trial court was statutorily prohibited from
granting community supervision to a defendant convicted of indecency with a child. Cardenas, 960
S.W.2d at 945-46. Cardenas testified at the hearing on the motion for new trial that his decision to
plead guilty was based in large part on his erroneous belief he was eligible for community
supervision. Id. The State relied on an affidavit by Cardenas's trial counsel stating he did not
promise Cardenas that he would receive community supervision. We pointed out that this affidavit
did not address the question of whether counsel told Cardenas that he could receive community
supervision. Id. at 945. Accordingly, we reversed Cardenas's conviction and remanded the cause
for a new trial due to an involuntary guilty plea based on ineffective assistance of counsel. Id. at 948.

 In the case at bar, Freeman pleaded guilty to DWI, a third-degree felony. Tex. Pen. Code
Ann. § 49.09 (Vernon Supp. 2003). Freeman pleaded "true" to having been twice previously and
sequentially convicted for two felonies. Thus, the range of punishment was enhanced to no less than
twenty-five years nor more than ninety-nine years, or life. Tex. Pen. Code Ann. § 12.42(d) (Vernon
Supp. 2003). Because the minimum punishment available was greater than ten years, the trial court
was statutorily prohibited from granting community supervision in this case after it found both
enhancement allegations contained in the indictment to be true. Tex. Code Crim. Proc. Ann.
art. 42.12, § 3 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 12.42(d). 

 Throughout the proceedings, Freeman's counsel continued to suggest Freeman was eligible
for community supervision. During the guilty plea, and despite having been told by the trial court
that the minimum potential sentence if both enhancements were found true would be twenty-five
years, Freeman's counsel told the trial court that, "Mr. Freeman wants to go open for probation and
a possible treatment program." During the punishment hearing, Freeman stated that his decision to
proceed with an open plea was based on his hope of receiving community supervision from the trial
court. Elsewhere in the reporter's record, Freeman's counsel affirmatively stated that community
supervision and treatment was one sentencing option in lieu of twenty-five years to life
imprisonment. And Freeman himself expressed his desire to continue counseling outside the
confines of TDCJ-ID.

 Based on the record before us, we believe the record substantiates Freeman's claim that his
decision to plead guilty was based, at least in large part, on his attorney's advice that the trial court
could grant community supervision. Such advice is clearly erroneous, and no sound trial strategy
exists to rationalize such counsel given the particularized facts of this case. Therefore, Freeman has
established that his attorney's performance fell below an objective standard of reasonableness. See
Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d at 55. 

 We must next consider whether Freeman has demonstrated the record supports a finding that
counsel's deficient performance prejudiced Freeman's defense. Strickland, 466 U.S. at 687; Bone,
77 S.W.3d at 833; Hernandez, 726 S.W.2d at 55. "This means that the appellant must show a
reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding
would have been different." Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); see also
Bone, 77 S.W.3d at 833. In the case at bar, there is evidence the State offered to abandon one of the
sentencing-enhancement allegations, thereby reducing the punishment range to that of a
second-degree felony, with an agreed sentencing recommendation of fifteen years. See Tex. Pen.
Code Ann. § 12.42(a)(3) (Vernon Supp. 2003). The record shows Freeman turned down the State's
offer based on counsel's erroneous advice that he was eligible for community supervision. Absent
the misinformation, Freeman's sentence would have been reduced by ten years. We believe the
record in this case affirmatively demonstrates that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. See Cardenas, 960 S.W.2d at 948 (the appellate court
found harm as a result of deficient performance).

 Most claims of ineffective assistance of counsel are better left to review in habeas corpus
litigation. See Bone, 77 S.W.3d at 833 n.13 (generally, the record on direct appeal is insufficient to
show counsel's representation was so deficient). However, based on the facts in the case at bar, we
believe the appropriate result is to find Freeman received ineffective assistance of counsel at trial. 
We sustain Freeman's first point of error. 

 Because our ruling on his first point of error is dispositive, we need not address Freeman's
remaining issue. See Cardenas, 960 S.W.2d at 948. 

 We reverse this case and remand the cause to the trial court for a new trial.





 Ben Z. Grant

 Justice


Date Submitted: October 28, 2002

Date Decided: December 11, 2002


Publish