GARCIA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-397-CR

ISRAEL JOEL GARCIA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Israel Joel Garcia appeals his conviction for the offense of aggravated robbery with a deadly weapon.  In two points, Appellant contends that his trial counsel rendered ineffective assistance.  We will affirm.

I.  FACTUAL AND PROCEDURAL HISTORY

Appellant and two accomplices mugged Hector Garcia by grabbing his wallet and by stabbing him in the chest.  Appellant made an open plea of guilty to the court on May 25, 2001, with sentencing scheduled to occur after the preparation of a presentence investigation report (“PSI”).  As part of his plea, Appellant signed written plea admonishments and a judicial confession. 

During the punishment hearing, held on August 17, 2001, Appellant also pleaded guilty to DWI.  The trial court assessed punishment at fifty years in the Texas Department of Criminal Justice-Institutional Division.  Appellant then obtained new counsel and filed a motion for new trial, raising, among other issues, the argument that he was deprived of effective assistance of counsel. On October 26, 2001, the trial court heard and denied Appellant’s motion for new trial.

II.  INEFFECTIVE ASSISTANCE CLAIMS

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
see also
 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (holding 
Strickland
 applies to ineffective assistance of counsel claims “alleging a deficiency in attorney performance” at noncapital sentencing proceedings). First, 
Appellant must show that 
his
 counsel’s performance was deficient. 
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing 
Thompson
, 9 S.W.3d at 813-14). Second, Appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

III.  VOLUNTARINESS OF PLEA

In his first point, Appellant complains that the trial court erred when it failed to find that his plea of guilty was involuntary due to ineffective assistance of counsel.  In an affidavit attached to his motion for new trial, Appellant contended that his attorney misinformed him that the court could place him on probation if he entered a plea of guilty before the court, and that he would have insisted on going before a jury had counsel properly advised him. 
 Appellant did not contend that he would not have pleaded guilty but for his attorney’s misinformation but, rather, that his attorney misinformed him that he would be eligible for probation if he entered a plea of guilty before the court, in lieu of pleading guilty before a jury.  As pointed out by Appellant and acknowledged by the State, Appellant was not eligible for court-ordered regular probation.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2003).

Appellant bears the burden of showing trial counsel’s performance was deficient and that it is reasonably probable that he would have insisted on a trial if he had been properly advised.  
See Ex parte Moody
, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999); 
see also Kemp v. State
, 892 S.W.2d 112, 115 (Tex. App.—Houston [1
st
 Dist.] 1994, pet. ref’d). “[M]isinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation.”  
Brown v. State
, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997).  However, “a defendant’s claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary.”  
Tabora v. State
, 14 S.W.3d 332, 336 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.); 
Fimberg v. State
, 922 S.W.2d 205, 208 (Tex. App.—Houston [1
st
 Dist.] 1996, pet. ref’d).

Further, a claim for ineffectiveness of counsel must be firmly grounded and affirmatively supported by the record.  
Tabora
, 14 S.W.3d at 336 (citing 
Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998));
 Guzman v. State,
 993 S.W.2d 232, 237 (Tex. App.—San Antonio 1999, pet. ref’d), 
cert. denied
, 528 U.S. 1161 (2000).  Therefore, in determining the voluntariness of a guilty plea, the court should examine the record as a whole.  
Tabora
, 14 S.W.3d at 336
 (citing 
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)).  The review of trial counsel’s representation is “highly deferential.”  
Cardenas v. State
, 960 S.W.2d 941, 945 (Tex. App.—Texarkana 1996, pet. ref’d) (citing 
Strickland
, 466 U.S. at 689, 
104 S. Ct. at
 2065).

During the hearing on Appellant’s motion for new trial, the only testimony Appellant presented specifically in support of his claim of ineffective assistance relating to his open plea was the following exchange between Appellant and his new counsel:

Okay.  Did you follow [trial counsel’s] advice when he told you to plead, do what we call an open plea, which is to basically admit the allegations, make a judicial confession and have the judge decide what your punishment would be after something called a PSI . . . was prepared, am I getting that correct?

Yes, sir.

. . . .

Okay.  When you pled guilty, did [trial counsel] tell you that if you were found guilty by the judge that you could not be placed on community supervision or on probation?

Yes.

Okay.  Did he tell you that if the judge found you guilty -- I’m sorry, did he tell you to plead guilty because he thought you might get probation?

Yes, sir.

We note that Appellant did not call his trial counsel to testify. 
 The record from the punishment phase indicates that trial counsel was cognizant that Appellant would 
not
 receive probation, because counsel stated he assumed that “at some point, maybe in the far distant future, he’s going to get out of prison.” Defense counsel urged the court that Appellant needed “to have something left of his life after he completes his sentence.”  He asked the court not to impose a “tremendously long sentence” and instead to give Appellant “somewhere less than 15” years.  Appellant’s mother testified at sentencing, and agreed with Appellant’s counsel that Appellant was “pretty well resigned to having to do time over this case . . . .”

In cases in which guilty pleas have been held involuntary due to counsel’s misinformation, the record has contained confirmation of the misinformation by counsel or documents augmenting the testimony revealing the misinformation and showing its communication to the defendant.  
Compare Tabora
, 14 S.W.3d at 337 (concluding counsel was not ineffective where record reflected repeated requests by counsel for deferred adjudication community supervision, showing he either misunderstood charges or the inapplicability of deferred adjudication community supervision, but there was no evidence counsel advised defendant he was eligible for such), 
with Freeman v. State
, 94 S.W.3d 827, 831 (Tex. App.—Texarkana 2002, no pet.) (holding record substantiated claim that plea was based in part on erroneous advice where record showed counsel repeatedly suggested defendant was eligible for community supervision and told trial judge defendant wanted to go “open for probation and a possible treatment program”), 
and
 
Cardenas
, 960 S.W.2d at 945-46 (noting the record showed that appellant consistently testified at new trial hearing that he was told he would get probation, lawyer asked court to grant appellant probation, and lawyer did not address in affidavit whether he told appellant that he could receive probation).

Here, not only was Appellant’s testimony inconsistent regarding what he was told, but his contention that he was told he would be eligible for court-ordered probation if he pleaded guilty to the court was weakened by his own testimony, rather than corroborated or confirmed by any other independent evidence.  The judge who presided at the new trial hearing was able to evaluate Appellant’s credibility, and we are not in a position to disturb his ruling absent an abuse of discretion.  
Fimberg
, 922 S.W.2d at 208.  Because we conclude that Appellant’s claim regarding misinformation of counsel is not adequately supported in the record, we hold that Appellant has not overcome the presumption that 
counsel provided reasonable assistance, and it is unnecessary to address the second prong of 
Strickland
 concerning whether he would have insisted on going before a jury but for counsel’s advice.  
See
 
Thompson
, 9 S.W.3d at 813-14; 
Ex parte Moody
, 991 S.W.2d 858
; 
Tabora
, 14 S.W.3d at 336
;
 Fimberg
, 922 S.W.2d at 208.  Accordingly, we overrule Appellant’s first point.

IV.  SENTENCING HEARING

In his second point, Appellant contends that the trial court erred when it failed to find that he received ineffective assistance of counsel at his sentencing hearing.  Appellant argues that trial counsel took no action to counter or limit the impact of damaging evidence in the PSI.  Additionally, Appellant complains that trial counsel did not discuss the PSI in detail with him or his family.  He also complains that trial counsel did not investigate or talk to any witnesses about the facts in the PSI.  In short, Appellant asserts that trial counsel’s conduct fell outside the realm of sound trial strategy.

Generally, we will not speculate about counsel’s trial strategy.  
See  Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
Delrio v. State
, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).  In this case, we have no record from which we may discern that strategy.  Although Appellant complained of ineffective assistance in his motion for new trial, only he and his mother testified at the new trial hearing about the issues of trial preparation and advice.  As mentioned before, counsel was not called to testify about his strategy regarding the PSI or about whether he conducted any investigation based on it.

On this record, we hold that Appellant has not overcome the strong presumption that his trial counsel’s strategy was reasonable from counsel’s perspective during the sentencing phase of his trial.  
See Jackson
, 877 S.W.2d at 771-72; 
Duvall v. State
, 59 S.W.3d 773, 779-80 (Tex. App.—Austin 2001, pet. ref’d) (stating that appellant could not rebut presumption that trial counsel’s strategy was reasonable when counsel was called to testify at the hearing on appellant’s motion for new trial, but was not questioned about the PSI ).  We therefore overrule Appellant’s second point.

V.  CONCLUSION

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 22, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.