COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-397-CR
 
ISRAEL JOEL GARCIA
                                                       
   APPELLANT
V.
THE STATE OF TEXAS
                                                       
   STATE
------------
FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Israel Joel Garcia appeals his conviction for the offense of
aggravated robbery with a deadly weapon. In two points, Appellant contends that
his trial counsel rendered ineffective assistance. We will affirm.
I. FACTUAL AND PROCEDURAL HISTORY
Appellant and two accomplices mugged Hector Garcia by grabbing his wallet and
by stabbing him in the chest. Appellant made an open plea of guilty to the court
on May 25, 2001, with sentencing scheduled to occur after the preparation of a
presentence investigation report ("PSI"). As part of his plea,
Appellant signed written plea admonishments and a judicial confession.
During the punishment hearing, held on August 17, 2001, Appellant also
pleaded guilty to DWI. The trial court assessed punishment at fifty years in the
Texas Department of Criminal Justice-Institutional Division. Appellant then
obtained new counsel and filed a motion for new trial, raising, among other
issues, the argument that he was deprived of effective assistance of counsel. On
October 26, 2001, the trial court heard and denied Appellant's motion for new
trial.
II. INEFFECTIVE ASSISTANCE CLAIMS
We apply a two-pronged test to ineffective assistance of counsel claims. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); see also Hernandez
v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (holding Strickland
applies to ineffective assistance of counsel claims "alleging a deficiency
in attorney performance" at noncapital sentencing proceedings). First,
Appellant must show that his counsel's performance was deficient. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. The record must be sufficiently developed
to overcome a strong presumption that counsel provided reasonable assistance. Bone
v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing Thompson,
9 S.W.3d at 813-14). Second, Appellant must show that the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.
III. VOLUNTARINESS OF PLEA
In his first point, Appellant complains that the trial court erred when it
failed to find that his plea of guilty was involuntary due to ineffective
assistance of counsel. In an affidavit attached to his motion for new trial,
Appellant contended that his attorney misinformed him that the court could place
him on probation if he entered a plea of guilty before the court, and that he
would have insisted on going before a jury had counsel properly advised him.
Appellant did not contend that he would not have pleaded guilty but for his
attorney's misinformation but, rather, that his attorney misinformed him that he
would be eligible for probation if he entered a plea of guilty before the court,
in lieu of pleading guilty before a jury. As pointed out by Appellant and
acknowledged by the State, Appellant was not eligible for court-ordered regular
probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F)
(Vernon Supp. 2003).
Appellant bears the burden of showing trial counsel's performance was
deficient and that it is reasonably probable that he would have insisted on a
trial if he had been properly advised. See Ex parte Moody, 991 S.W.2d
856, 858 (Tex. Crim. App. 1999); see also Kemp v. State, 892 S.W.2d
112, 115 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). "[M]isinformation
concerning a matter, such as probation, about which a defendant is not
constitutionally or statutorily entitled to be informed, may render a guilty
plea involuntary if the defendant shows that his guilty plea was actually
induced by the misinformation." Brown v. State, 943 S.W.2d 35, 42
(Tex. Crim. App. 1997). However, "a defendant's claim he was misinformed by
counsel, standing alone, is not enough for us to hold his plea was
involuntary." Tabora v. State, 14 S.W.3d 332, 336 (Tex.
App.--Houston [14th Dist.] 2000, no pet.); Fimberg v. State,
922 S.W.2d 205, 208 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).
Further, a claim for ineffectiveness of counsel must be firmly grounded and
affirmatively supported by the record. Tabora, 14 S.W.3d at 336 (citing
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998));
Guzman v. State, 993 S.W.2d 232, 237 (Tex. App.--San Antonio 1999, pet.
ref'd), cert. denied, 528 U.S. 1161 (2000). Therefore, in determining
the voluntariness of a guilty plea, the court should examine the record as a
whole. Tabora, 14 S.W.3d at 336 (citing Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998)). The review of trial counsel's
representation is "highly deferential." Cardenas v. State,
960 S.W.2d 941, 945 (Tex. App.--Texarkana 1996, pet. ref'd) (citing Strickland,
466 U.S. at 689, 104 S. Ct. at 2065).
During the hearing on Appellant's motion for new trial, the only testimony
Appellant presented specifically in support of his claim of ineffective
assistance relating to his open plea was the following exchange between
Appellant and his new counsel:

 
 Q.  Okay. Did you follow
 [trial counsel's] advice when he told you to plead, do what we call an open
 plea, which is to basically admit the allegations, make a judicial
 confession and have the judge decide what your punishment would be after
 something called a PSI . . . was prepared, am I getting that correct?
 A.  Yes, sir.
 . . . .
 Q.  Okay. When you pled guilty, did [trial
 counsel] tell you that if you were found guilty by the judge that you could
 not be placed on community supervision or on probation?
 A.  Yes.
 Q.  Okay. Did he tell you that if the judge
 found you guilty -- I'm sorry, did he tell you to plead guilty because he
 thought you might get probation?
 A.  Yes, sir.
 

We note that Appellant did not call his trial counsel to testify. The record
from the punishment phase indicates that trial counsel was cognizant that
Appellant would not receive probation, because counsel stated he
assumed that "at some point, maybe in the far distant future, he's going to
get out of prison." Defense counsel urged the court that Appellant needed
"to have something left of his life after he completes his sentence."
He asked the court not to impose a "tremendously long sentence" and
instead to give Appellant "somewhere less than 15" years. Appellant's
mother testified at sentencing, and agreed with Appellant's counsel that
Appellant was "pretty well resigned to having to do time over this case . .
. ."
In cases in which guilty pleas have been held involuntary due to counsel's
misinformation, the record has contained confirmation of the misinformation by
counsel or documents augmenting the testimony revealing the misinformation and
showing its communication to the defendant. Compare Tabora, 14 S.W.3d
at 337 (concluding counsel was not ineffective where record reflected repeated
requests by counsel for deferred adjudication community supervision, showing he
either misunderstood charges or the inapplicability of deferred adjudication
community supervision, but there was no evidence counsel advised defendant he
was eligible for such), with Freeman v. State, 94 S.W.3d 827, 831 (Tex.
App.--Texarkana 2002, no pet.) (holding record substantiated claim that plea was
based in part on erroneous advice where record showed counsel repeatedly
suggested defendant was eligible for community supervision and told trial judge
defendant wanted to go "open for probation and a possible treatment
program"), and Cardenas, 960 S.W.2d at 945-46 (noting the
record showed that appellant consistently testified at new trial hearing that he
was told he would get probation, lawyer asked court to grant appellant
probation, and lawyer did not address in affidavit whether he told appellant
that he could receive probation).
Here, not only was Appellant's testimony inconsistent regarding what he was
told, but his contention that he was told he would be eligible for court-ordered
probation if he pleaded guilty to the court was weakened by his own testimony,
rather than corroborated or confirmed by any other independent evidence. The
judge who presided at the new trial hearing was able to evaluate Appellant's
credibility, and we are not in a position to disturb his ruling absent an abuse
of discretion. Fimberg, 922 S.W.2d at 208. Because we conclude that
Appellant's claim regarding misinformation of counsel is not adequately
supported in the record, we hold that Appellant has not overcome the presumption
that counsel provided reasonable assistance, and it is unnecessary to address
the second prong of Strickland concerning whether he would have
insisted on going before a jury but for counsel's advice. See Thompson,
9 S.W.3d at 813-14; Ex parte Moody, 991 S.W.2d 858; Tabora, 14
S.W.3d at 336; Fimberg, 922 S.W.2d at 208. Accordingly, we overrule
Appellant's first point.
IV. SENTENCING HEARING
In his second point, Appellant contends that the trial court erred when it
failed to find that he received ineffective assistance of counsel at his
sentencing hearing. Appellant argues that trial counsel took no action to
counter or limit the impact of damaging evidence in the PSI. Additionally,
Appellant complains that trial counsel did not discuss the PSI in detail with
him or his family. He also complains that trial counsel did not investigate or
talk to any witnesses about the facts in the PSI. In short, Appellant asserts
that trial counsel's conduct fell outside the realm of sound trial strategy.
Generally, we will not speculate about counsel's trial strategy. See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Delrio v.
State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). In this case, we have no
record from which we may discern that strategy. Although Appellant complained of
ineffective assistance in his motion for new trial, only he and his mother
testified at the new trial hearing about the issues of trial preparation and
advice. As mentioned before, counsel was not called to testify about his
strategy regarding the PSI or about whether he conducted any investigation based
on it.
On this record, we hold that Appellant has not overcome the strong
presumption that his trial counsel's strategy was reasonable from counsel's
perspective during the sentencing phase of his trial. See Jackson, 877
S.W.2d at 771-72; Duvall v. State, 59 S.W.3d 773, 779-80 (Tex.
App.--Austin 2001, pet. ref'd) (stating that appellant could not rebut
presumption that trial counsel's strategy was reasonable when counsel was called
to testify at the hearing on appellant's motion for new trial, but was not
questioned about the PSI ). We therefore overrule Appellant's second point.
V. CONCLUSION
Having overruled Appellant's two points, we affirm the trial court's
judgment.
 
                                                       
   ANNE GARDNER
                                                       
   JUSTICE
 
PANEL B: CAYCE, C.J.; GARDNER and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.